## DOWNIE VS. WHITE.

Case of *Downie vs. Hoover ante*, p. 174, followed.

A secret agreement between the agent of a railroad company and a person subscribing for its stock, that the sum so subscribed should never be collected, or that it might be discharged in something of less value than the amount expressed in the subscription, is a fraud upon the other stockholders, and payment of the amount subscribed will be enforced, without regard to such agreement.

Parol evidence is not admissible to contradict or vary the terms of a written agreement.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this case was exactly similar to that in the preceding case of *Downie vs. Hoover.* The defendant filed an answer containing several grounds of defense. The first was a denial of the organization of the Milwaukee and Beloit R. R. Co.; the second, a denial that at the time of the pretended election of directors of said corporation, in March, 1856, there had been $50,000 of the capital stock thereof subscribed, as required by law, to authorize such election. The third, states that sometime in May, 1856, one Reymert,

June Term,
1860.

Downie
v.
White.

who claimed to be an agent of said company, met the defendant and one Fitzgerald, and told them he had a book of subscriptions to the capital stock of said company, and wanted their names as subscribers; that the defendant refused to become a subscriber, but Reymert stated that he only wanted their names as a matter of form; that their names would be of service to him on account of their being known in the towns through which the said railroad was to run, and that if they would put their names down for $500 each, they should never be called upon to pay; that the defendant, induced by these representations solely, and not intending to bind himself as a subscriber, either wrote his name in said book in pencil, or authorized said Reymert so to write it; that sometime afterwards he was called upon by an agent of said company for payment of several instalments, but refused to pay or admit himself liable as a subscriber; but subsequently, at the instigation of others, did pay and give to said company $225, as a mere bonus to aid the work, as a benefit to the city of Milwaukee, as a mere gift and not as a matter of legal obligation. The fourth, denies that the company had any legal right or power to sell or transfer the alleged subscription of the defendant, or to empower the plaintiff to maintain an action on the same. The fifth, is a denial of any knowledge or information as to the other matters stated in the complaint.

The evidence given or offered on the trial, so far as material to the questions presented on the appeal, was as follows: The plaintiff, after giving in evidence the charter of said railroad company and the subscription made by the defendant for $500 of its stock, introduced proof tending to show the making and notice of assessments therefor as stated in the complaint, and that over $100,000, had been subscribed to the capital stock of said company, in the city of Milwaukee, independent of corporate aid, and that the subscriptions were *bona fide;* but on cross-examination, a witness called by the plaintiff testified, that certain of said subscriptions, aside from the one on which this action is founded, were subject to secret or private conditions as to the mode and amount of payment, so as to make them colorable only; one subscrip-

tion of $5,000 having been made with a private understanding that the amount really to be paid should be fixed upon at a future day, and having been afterwards discharged by the transfer of other railroad stock worth about $500, and another subscription of $5,000 having been made with an understanding that it should be paid by the bond of a third party, which bond was accordingly accepted by the company, but had never been collected.

The plaintiff objected to the evidence thus given upon the cross-examination of the witness, but the court overruled the objection. The plaintiff's counsel then offered in evidence an instrument in writing executed by the Milwaukee and Beloit Railroad Company, dated December 16, 1858, assigning to the plaintiff certain claims due to said company upon subscriptions of stock, among which was the claim upon the defendant White for $275, and offered to prove that the said assignment was made to the plaintiff in payment for money advanced by him toward the construction of the railroad of said company; but the counsel for the defendant objected to the evidence, on the ground that the company had no power to assign its stock subscriptions, which objection was sustained by the court, and its ruling excepted to by the plaintiff's counsel. Thereupon the court instructed the jury to find a verdict for the defendant; and the jury having so found, and judgment having been rendered thereon, the plaintiff appealed.

*Adams & Pitkin,* for appellant.

*Levi Hubbell,* for respondent.

July 10.

*By the Court,* PAINE, J. This case presents the same question as that decided in *Downie vs. Hoover,* which must be here decided in the same way.

In this case, however, an answer was filed and a trial had. But we do not think the secret understanding which the defendant sets up, to the effect that his subscription was to be merely colorable, nor the evidence offered showing an understanding of a similar kind with other subscribers, constitutes any defence whatever. Such agreements are an obvious fraud upon the other subscribers; and the written subscrip-

tion should be enforced, without regard to them. *Brown vs. Appleby*, 1 Sandf., 170; Redfield on Railways, § 48 and note 1; *Blodgett vs. Morrill*, 20 Vt., 509; *White Mountain R. R. vs. Eastman*, 34 N. H., 124.

The third paragraph of the defendant's answer is liable also to the objection, that it sets up a contemporaneous parol understanding inconsistent with the terms of the written agreement.

The judgment must be reversed with costs, and the cause remanded for a new trial.