12985

INDUSTRIAL PROFIT SHARING BANK v. CARLISLE

(155 S. E., 149)

January, 1930.

*Messrs. Price & Poag* and *W. A. Bull,* for appellant,

*Messrs. Hicks & Johnston,* for respondent.

October 1, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

According to the statement of fact contained in the record, on January 16, 1925, the defendant signed a subscription to the capital stock of the Industrial Profit Sharing Bank, but refused to pay·the obligation when called upon. Some time later, just when is not shown, the bank failed, and the directors about two years thereafter proceeded to liquidate the affairs of the corporation in accordance with law. On August 23, 1928, action was brought on the subscription. The defendant pleaded:

"That his defense to this action is that about the time of the alleged stock subscription he was approached by D. B. Traxler, an officer and principal stockholder in· plaintiff corporation, as he is informed and believes, who tried to induce defendant to subscribe to stock, which defendant declined to do; that plaintiff, through its said officer, D. B. Traxler, then informed defendant that they merely wanted his name in the corporation and would not call upon him to pay for said stock unless he wanted to .do so, and would relieve him at any time of his obligation upon his request. That later defendant asked said D. B. Traxler to carry out his promise, which said D. B. Traxler again agreed to do, but left Greenville without having protected defendant as promised. That said D. B. Traxler further represented to defendant that the corporation was in good financial condition and was a strong bank and ·that they merely wanted defendant's name as an asset among the masses of the people. That defendant alleges that said promise was made with no intention of keeping the same and amounted to a fraud upon his rights, and defendant is entitled to have said obligation cancelled and relieved of liability thereunder."

On January 27, 1930, the case was tried before Judge Townsend and a jury. After three witnesses had testified for the plaintiff, the trial Judge struck out the answer and directed a verdict against the defendant, on the ground, *inter alia,* that:

"The promise alleged in the answer to have been made by

the president of the bank in obtaining the subscription of the stock would be a fraud upon the creditors of the bank if the purpose was as alleged, merely to obtain the use of the name of the subscriber in order to induce business with the bank without holding the subscriber to his liability to creditors."

From judgment entered on the verdict, the defendant appeals.

After careful consideration of the matter, we agree fully with the trial Judge. Appellant relies entirely upon the case of *Palmetto Bank & Trust Company v. Grimsley*, 134 S. C., 493, 133 S. E., 437, 51 A. L. R., 42, in which it was held (quoting syllabus) : "Promise inducing execution of contract by one who has no intenetion of performing it, constitutes fraud, for which contract may be rescinded." The argument is that the promise made by Traxler induced the subscription, was made without intention of performance, and was a fraud upon the defendant. While the principle of law announced in the *Grimsley case* is undoubtedly sound, it has no application here.

The allegations of the answer, being taken as true, as they must be upon a motion of this kind, show that the defendant and Traxler, an officer of the corporation, entered into an agreement (concededly oral), at the time the subscription was made, that the corporation would not call on the defendant to pay for the stock for which he subscribed unless he wanted to do so, and that it would relieve him at any time of his obligation upon his request, as the corporation merely wanted the use of his name as an asset among the masses of the people. This agreement clearly had for its avowed purpose the deception of persons who might rely on the use of defendant's name in becoming stockholders or creditors of the bank; and it can scarcely be assumed, in view of the averments of the answer, that the defendant was not a man of influence among the people or that this purpose failed of accomplishment. Such an agreement amounted to a fraud upon other stockholders or creditors,

and to allow it to stand as a defense when the defendant is called upon, by the liquidating agents of the insolvent corporation, to pay his subscription, would be utterly subversive of justice. This case is to be distinguished from the cases— a number of which have been decided by this Court—in which an innocent person has been fraudulently induced by a corporation to subscribe to its capital stock, for the reason that in the case at bar the defendant does not occupy the position of an innocent person defrauded by the corporation, but was himself a party to a transaction that operated as a fraud upon other stockholders or creditors.

The matter is so clear that citation of authority seems unnecessary. However, we venture to cite the following from 14 C. J., 570:

"Nor has a corporation the power to receive a subscription upon such terms as will operate as a fraud upon the other subscribers or stockholders by subjecting the particular subscriber to lighter burdens, or by giving him greater rights and privileges, or as a fraud upon creditors of the corporation by withdrawing or decreasing the capital. It is well settled therefore, as a general rule, that an agreement between a corporation and a particular subscriber, by which the subscription is not to be payable, or is to be payable in part only, whether it is for the purpose of pretending that the stock is really greater than it is, or for the purpose of preventing the predominance of certain stockholders, or for any other purpose, is illegal and void as in fraud of other stockholders or creditors, or both, and cannot be either enforced by the subscriber or interposed as a defense in an action on the subscription."

See also *Downie v. White*, 12 Wis., 176, 78 Am. Dec., 731; *Harvey v. Weitzenkorn*, 232 Pa., 477, 81 A., 447; *Blodgett v. Morrill*, 20 Vt., 509.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICE COTHRAN, BLEASE, and CARTER, and MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH, concur.