## Winston Wilkinson et al. *v.* Eliza Cook.

1. Consideration—Slaves—Defense.—In an action brought to recover the amount of a promissory note given prior to the war for certain slaves sold, which the vendor warranted to be slaves for life, it is no valid defense to the action, that, by the results of the war said slaves had become free, and were, therefore, not slaves for life.

2. Defective declaration—Good after judgment by default.—Although the declaration as to the indorsor is clearly defective, and he suffered judgment to go against him by default, and does not join in this writ, yet as both the note and judgment are joint and several, the makers cannot avail of such defect or irregularity.

3. Amnesty act.—A plea that plaintiff, whilst a holder of the note sued, was a citizen of a state engaged in rebellion, and under the act of congress July, 17 1862, she not having returned to her allegiance forfeited her right to sue, and owning property of greater value than $20,000, was not embraced in the amnesty act., etc., is bad, there being no such thing as a statutory forfeiture without judicial sentence.

Error to the circuit court of Amite county. Smiley, J.

This was an action against the Wilkinsons and Day, as makers, and Galtney as endorser of a note, payable at twelve months. The declaration avers neither demand nor notice, to charge defendant Galtney as endorser.

Galtney did not appear. The other defendants pleaded, 1st. General issue; 2d. That the note was given to Galtney for slaves sold by Galtney and wife, with warranty that they were slaves for life, and a guaranty that " they should continue slaves for life; avers that said slaves were not at date of warranty, slaves for life, but were at date of suit, and are alive and free, and the consideration of the note has failed.

Plaintiff replied thereto, that defendants requested and authorized Sleeper to purchase said note from Galtney and

wife, and promised to pay said note to Sleeper, and thus induced him to buy and pay a valuable consideration for said note, and plaintiff purchased the same from Sleeper for a valuable consideration.

Demurrer thereto for cause, in substance that plaintiff cannot rely on waiver to Sleeper, and plaintiff does not aver she was induced to purchase by reason of such waiver; demurrer overruled, and replication of general denial.

Plea that plaintiff holding the note, engaged in rebellion, etc., and note forfeited under acts of congress. Demurrer thereto, in short, by consent, and same sustained by the court, without giving the proper judgment of *respondeat ouster*.

On the trial, defendant read the bill of sale from Galtney and wife, showing the note was given for the slaves, and warranting them slaves for life, and proved that at date of suit, the slaves were alive and free, and there rested. On motion of plaintiff this evidence was excluded, and defendants excepted; verdict for plaintiff; motion for new trial, on exclusion of evidence, overruled and exceptions taken.

The plaintiffs in error assigned the following errors:

1st. Said court erred in overruling their demurrer to the replication to their second plea.

2d. Said demurrer should have been extended back and sustained to said declaration, because the same shows no cause of action against the said James R. Galtney, sued with them, nor any reason why he is so sued in a joint action with them.

3d. Said court erred in sustaining the demurrer to their third plea.

4th. Said court erred in not entering judgment for them to answer over, upon sustaining said last named demurrer. The judgment should have been that they answer or plead over.

5th. Said court erred in ruling out the evidence given on their behalf on said trial before the jury.

6th. Said court erred in overruling their motion for a new trial. Wherefore they pray judgment, etc.

*Geo. L. Potter,* for the plaintiffs in error.

1st. The declaration showed no cause of action against defendant Galtney, the endorser, and therefore no reason why he was joined in the suit, with the other defendants. For this reason plaintiffs' demurrer to third plea should have been extended back, and sustained to the declaration.

2d. In sustaining demurrer to third plea, it was error not to give a judgment, of *respondeat ouster.* Lee v. Dozier, 40 Miss., 477.

3d. If the matter of the second plea was in issue, it was error to exclude the evidence given under it. Whether the proof was sufficient to establish the plea, was a question for the jury, and not the court to decide. The court cannot exclude proper testimony, upon the pretext that it does not prove the plea. If it tends to prove any fact pleaded, the evidence is admissible, and its sufficiency is for the jury.

4th. The other matters of error assigned, are submitted without argument.

*W. P. Harris,* for defendant in error.

There is nothing wrong in the proceedings and judgment in this case. The suit was against the makers and one Galtney as endorser of a promissory note made in 1860, and endorsed long after due, in blank, and delivered to Sleeper, who endorsed it without recourse to plaintiff. As to the makers, the declaration is good, but omits to allege demand and notice of non-payment. Judgment by default against Galtney; the makers plead; issue was joined, and there was a trial and verdict for plaintiff against the makers. There having been a demurrer to a defective plea, by plaintiff, and to a replication, by defendant, it is claimed that they should have been extended to the declaration for the defect as to Galtney.

This action is founded on the statute requiring makers and endorsers to be sued in one action. Rev. Code, 357, art. 11. Neither the contract sued on, nor the judgment is joint; and the several character of the obligations is pre-

served after the judgment. Ib., art. 16. Plaintiffs may discontinue as to endorsers; and art. 15 provides for distinct verdicts and judgments. Under proper averments of demand and notice, and a failure of proof, a verdict might have been for the endorser and against the makers. As the matter stands, the error does not affect the plaintiffs in error, in any way whatever. After the general issue, there was a special plea alleging that the consideration of the note was negroes sold to makers in 1860, warranted to be slaves for life, and that, at the time of such sale they were not slaves for live, "but were at the commencement of the suit, and now are alive and free, and not slaves at all." To this plea, strange as it may seem, plaintiff replied that Galtney sold the note to Sleeper, for value, at request of the makers, who promised to pay it to Sleeper, and this induced him to buy it. Demurrer was overruled, and a rejoinder taking issue. A third plea alleged that the plaintiff, while a holder of this note in 1862, was a citizen of the state engaged in rebellion, and under the act of July 17th, 1872, she not having returned to her allegiance, forfeited her right to sue, which, by virtue of that act was divested out of her, and owning property of greater value than $20,000, was not embraced in the amnesty, and could not sue. Demurrer to this plea was sustained, and trial was had on the general issue and the second plea and replication.

On the trial, the defendants offered to prove that the slaves were now free, and read the bill of sale containing the usual warrants, but this evidence, as it did not touch the issue on the second plea, and did not show a breach of warranty, and was inadmissible under the general issue, was properly excluded.

The second plea was a transparent attempt to get around stubborn law and fact, and was essentially bad.

The third plea is so clearly frivolous, that it should have been stricken out. There is no such thing as a legislative forfeiture without judicial sentence, and the right to sue was not affected by that act.

The statute (Rev. Code, 495, art. 110) applies only to cases where the dumurrer, being sustained to the "plea of the defendant," the declaration is left unanswered, and does not apply to cases where there are other pleas to the merits. This article (110) uses the terms, "to the plea of the defendant," plea being in the singular number, and seems to apply to the case of a single plea, where, but for the statute, final judgment, *quod recuperet*, would be rendered for the plaintiff. None of the proof offered related to the issue taken on the replication. The matter of the plea admitted by the replication, was no bar to the action, and the matter set up in avoidance was not essential to support the right of action. The issue on it was nugatory; nor did it matter whether either it or the plea was true or false. There was a trial on the only meritorious issue presented, and a verdict for the plaintiff, and the judgment on the whole record is clearly right.

TARBELL, J.:

In April, 1866, Eliza Cook commenced this action against Winston Wilkinson, Micajah Wilkinson, and Jonathan M. Day, makers, and J. R. Galtney, endorser of a promissory. note dated January 5th, 1860, for fifteen hundred and twenty-five dollars, payable twelve months after date, with interest after maturity, at ten per cent. per annum.

No plea was filed by the endorser, and judgment was taken against him by default. The makers pleaded, 1st. The general issue; and, 2d. That the note sued on was given for two negro boys warranted slaves for life, whereas, in fact, they were not slaves for life, but were free at the commencement of this suit. The plaintiff replied to the second plea, that after the execution of the note sued on, and the delivery thereof to James R. Galtney and Rebecca E. Galtney, to-wit: On the 1st day of March, 1865, the defendants requested and authorized one Fabins A. Sleeper, who is one of the endorsers on said note, upon whom the plaintiff received the same, for a valuable consideration, to purchase said note from the said J. R. and R. E. Galtney, and then and there

promised to pay said note to said Sleeper, and thereby in duced him to buy and pay a valuable consideration therefor.

To this replication the defendants demurred for the following causes: "1st. Said replication sets up matters which might be a good reply from Sleeper, if he were plaintiff, but shows no fact of which the present plaintiff can avail herself; 2d. There is no allegation of facts amounting to a waiver of defense by defendants made to plaintiff; 3d. There is no allegation in said replication that plaintiff was induced to purchase said note by any allegation of waiver of defense by defendants made to plaintiff; 4th. That Sleeper is not a party to the suit, and the record shows he is an endorser without recourse, and cannot, therefore, be prejudiced or affected by the suit, let it result as it may; so that plaintiff cannot avail herself of facts which might amount to matter of replication as between Sleeper and defendants."

This demurrer was overruled and leave given to plead further; whereupon the defendants entered a general denial of the replication.

The defendants then filed a plea alleging the disloyalty of plaintiff; that she was worth over twenty thousand dollars; she was not included in the list of those amnestied and pardoned by the president; that she is one of those persons described in the sixth section of the act of congress of the U. S., entitled "an act to suppress insurrection," approved July 17th, 1862, whereby "plaintiff's right of action in the credit sued on, to-wit: On the 26th day of September, 1862, was forfeited by plaintiff, and was then and thenceforward divested out of her, and she is barred of her right of recovery," etc.

To this plea plaintiff demurred. The court sustained the demurrer, omitting the usual judgment of *respondeat ouster*. The defendants did not request leave to file further pleas, and the parties went to trial upon the issues already joined in the cause.

The plaintiff having read the note sued on to the jury, the

defendants proved that the note was given for two negro slaves, who were free at the date of the trial, and then introduced a bill of sale of said negro boys from said J. R. Galtney and Rebecca E. Galtney, to Winston Wilkinson, one of the defendants, in consideration of one thousand five hundred and twenty-five dollars, secured by the note in suit, the bill of sale concluding in these words: " whom we warrant sound in mind and body, and slaves for life."

No other evidence was offered by the defendants, and they rested their case; whereupon, on motion of plaintiff, the court excluded the bill of sale from the consideration of the jury, to which defendants excepted.

It appears that plaintiff then proved the matters stated in her replication to defendant's second plea. The jury having rendered a verdict for plaintiff, the defendants made a motion for a new trial, on the ground that the court had improperly ruled out the evidence of defendants; which motion the court overruled, and the defendants excepted. We are asked to reverse the judgment of the court below, for the following reasons:

"1st. The court erred in overruling the demurrer to the replication to defendants' second plea; 2d. The demurrer should have been extended back and sustained to the declaration, because the same shows no cause of action against the said Galtney, sued with defendants, nor any reason why he is so sued in a joint action with them; 3d. The court erred in sustaining the demurrer to defendants' third plea; 4th. The court erred in not entering judgment for defendants to answer over, upon sustaining said last named demurrer. The judgment should have been, that defendants answer or plead over; 5th. The court erred in ruling out the evidence given on defendant's behalf; and, 6th. The court erred in overruling the motion for a new trial."

This case is somewhat complicated by the pleadings through the superior ingenuity of one of the counsel, but the defense of failure of consideration by reason of the warranty in the bill of sale, is a familiar one to this court, and is

without merit. The result reached at the circuit being correct, the intermediate errors, are not such as require us to reverse the judgment.

The declaration is clearly defective as to the endorser, but he suffered a judgment by default, and does not join in this writ of error. The makers of the note defended by themselves, and they only prosecute the case in this court. They are utterly without defense, or the pretense of one, to the note, under the rulings which have obtained in this class of cases. The endorser does not complain, and as the note and judgment are several as well as joint, the makers cannot be heard to complain of a defect with which the party alone interested finds no fault, and which he has wholly waived. The replication demurred to was bad, but so was the plea to which the replication demurred to was a reply. The third plea, as we understand the law of congress, is utterly without foundation, and though the demurrer thereto was sustained without the usual judgment of *respondeat ouster*, the facts are entirely unlike the case of Lee v. Dozier, 40 Miss., 477· In that case the court say, "it is so plain that the merits of the case have not been presented in the court below; that we do not feel at liberty to pass it over." The judgment was "therefore" reversed. In the case at bar, the merits were presented by other pleas, even if the general issue was not sufficient for all the purposes sought to be introduced by the several pleas of the defendants. Without attempting to lay down any general rule on the subject, which would be impossible, our predecessors, in numerous cases, refused to reverse for intermediate errors where the result was correct.

In Hewett v. Cobb, 40 Miss., 62, the court refused to reverse for an error not actually prejudicial to the party complaining of it; and the court said: "The whole spirit of modern jurisprudence is directed to prevent substantial justice from being defeated by an adherence to mere technical forms. Our code is full of provisions designed to relieve the proceedings in our courts of justice from the rubbish that, for centuries, on both sides of the Atlantic, had been

accumulating upon them." This principle had been practically the guide of our predecessors in numerous cases, involving errors in the admission, exclusion and rejection of testimony; errors in sustaining and overruling demurrers, erroneous instructions to the jury upon both law and testimony; the refusal of proper instructions, and the giving of improper ones, and generally, for errors not prejudicial to the party complaining, even in criminal cases, where the judgment of the court below is clearly right, and in accordance with law and justice. In 13 S. & M., 403, cited, and confirmed in 26 Miss., 282, there were several errors in the admission of irrelevant testimony, and in the instructions, but the high court of errors and appeals refused to reverse, because the result was correct. The same court, in Cogan v. Frisby, 36 Miss., 179, refused a new trial, though competent testimony was excluded from the consideration of the jury, because the evidence, if admitted, would not have changed the result. In Dunlap v. Edwards, 29 Miss., 41, the rule is stated to be that " the verdict will not be disturbed when it is according to the law and justice of the case, though the instructions be erroneous." A like sentiment was expressed in Cautzon v. Dorr, 27 Miss., 245; McClenahan v. Barrow et al., ib., 665; Brantly v. Carter, 26 ib., 282; *vide*, also, Josephine v. State, 39 Miss., 613; Taylor v. Davis, 38 ib., 493; Crane v. French, ib., 503; Green v. McCarroll, 24 ib., 427; Wesley v. State, 37 ib., 327; McGuire v. State, ib., 370; Miller et al. v. Mayfield & Taylor, ib., 688; Atwood v. Meredith, ib., 635; Mary Washington College v. McIntosh, ib., 671; Dilworth v. Mayfield, 36 ib., 40; Mask v. State, ib., 77; Vose v. Williams, 35 ib., 533; Wood v. Gibbs, ib., 560.

The judgment in this case is affirmed.