AMERICAN CONFECTIONERY CO. v. NORTH BRITISH & MERCANTILE INS. CO. et al.

(District Court, M. D. Tennessee. September 13, 1912.)

No. 1,066.

1. PLEADING (§§ 194, 354, 355*)—PLEAS—INSUFFICIENCY—REMEDY.

Tenn. Code 1858, §§ 2884, 2885 (Shannon's Code, §§ 4605, 4606), provides that, if any pleading in a civil action is defective in showing a substantial cause of action or defense, this shall be ground for demurrer, and section 2882 (Shannon's Code, § 4603) provides that any irrelevant pleading may be stricken out on motion. *Held* that, if a plea is of a character entirely inappropriate to the cause of action alleged or constitutes an entire departure therefrom, it may be stricken out on motion, but, if it is appropriate to the cause of action alleged and is not a departure, but fails to state a substantial defense to the declaration, the remedy is by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444–446, 449–452, 1092–1095, 1102–1110; Dec. Dig. §§ 194, 354, 355.*]

2. PLEADING (§§ 194, 355*)—PLEAS—APPLICABILITY TO CAUSE OF ACTION—INSUFFICIENCY—REMEDY.

Where plaintiff sued for alleged conspiracy to defraud, pleas of the pendency of a former suit in a state court for the same cause of action, and that plaintiff had elected to maintain a separate suit for the same cause in a state court which was then pending, were not irrelevant or inappropriate to the cause of action alleged, and therefore any deficiency therein must be attacked by demurrer, and not by motion to strike.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444–446, 449–452, 1102–1110; Dec. Dig. §§ 194, 355.*]

At Law. Action by the American Confectionery Company against the North British & Mercantile Insurance Company and others. On motion to strike defendants' second and third pleas. Overruled.

The plaintiff sues, in effect, to recover damages alleged to have accrued to it by the acts of the defendants in carrying out an alleged conspiracy to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defraud it out of moneys due from the defendants under various fire insurance policies. The defendants, in their second plea, plead the pendency of a former suit pending in the Supreme Court of the State of Tennessee for the same cause of action; and, in their third plea, plead that the plaintiff having elected to maintain a separate suit for the same cause of action in the State court, which is still pending, cannot maintain this suit. The plaintiff moved to strike these two pleas, on the ground that as a matter of law each of these pleas is insufficient, and if true, does not constitute any defense to the case made by the plaintiff's declaration.

H. S. Stokes, Pitts & McConnico, and E. J. Smith, all of Nashville, Tenn., for plaintiff.

Stokes & Stokes, of Nashville, and Trezevant, Bartels & Trezevant, of Memphis, for defendant.

SANFORD, District Judge. The ground of the plaintiff's motion to strike is that as a matter of law the second and third pleas of the defendants are insufficient, and if true do not constitute any defense to the plaintiff's declaration.

Sections 2884 and 2885 of the Code of 1858 of Tennessee (Shannon's §§ 4605, 4606) provide that in civil actions if any pleading, by a fair and natural construction, is defective in showing a substantial cause of action or defense, this shall be ground of demurrer. It is well settled that under these code provisions the objection that a pleading does not state a substantial cause of action or defense cannot be made by motion to strike, but must be made by demurrer. Mynatt v. Mynatt, 6 Heisk. (Tenn.) 311, 314; Fry v. Tippett, 16 Lea (Tenn.) 516, 518.

It is true that section 2882 of the Code of Tennessee (Shannon's § 4603) provides that any "irrelevant" pleading may be stricken out on motion. And in Sanders v. Young, 1 Head (Tenn.) 219, 73 Am. Dec. 175, it was implied, at least, without citing this code provision, that a pleading which was entirely inappropriate to the true gravamen of the action as alleged in the declaration might be stricken out as immaterial. Thus, for example, it would seem that if a plea of not guilty were filed in an action on a contract, such plea, being entirely inappropriate to the cause of action alleged, might properly be stricken out. So, in Iron Co. v. Gaskell, 2 Lea (Tenn.) 742, 747, it was held, without citing either the code or Mynatt v. Mynatt, supra, that where the defendants were sued in their individual capacities alone, pleas filed in denial of their liability as executors were a departure from the declaration and properly stricken out for immateriality.

[1] Construing the provisions of the Code of Tennessee above cited in the light of the foregoing decisions, I conclude that the rule of pleading in Tennessee, which is to be followed in this court in civil actions at law, under the provisions of the conformity statute, (Rev. St. [U. S.] § 914 [U. S. Comp. St. 1901, p. 684) is this: that although a plea of a character entirely inappropriate to the cause of action alleged or constituting an entire departure therefrom, may be stricken out for immateriality, that is, irrelevancy, under Code section 2882, yet, if a plea be of a character not in-

appropriate to the cause of action alleged and not a departure therefrom, but merely fails to show a substantial cause of defense to the declaration, the proper remedy is by demurrer for insufficiency, under Code sections 2884 and 2885, and a motion to strike for such insufficiency will not lie.

[2] Applying this principle to the present case, as the defendants' pleas are not of a character inappropriate to the cause of action alleged and are not a departure therefrom, it follows that they cannot be stricken out upon motion for insufficiency; but if they fail to show a substantial cause of defense the plaintiff's proper remedy is by demurrer.

An order will accordingly be entered overruling the motion to strike.