### 11993

PALMETTO BANK & TRUST CO. v. GRIMSLEY *ET AL.*

(133 S. E., 437)

1. CONTRACTS.—Promise, inducing execution of contract by one who has no intention of performing it, constitutes fraud, for which contract may be rescinded.

2. EVIDENCE.—Parol evidence rule does not exclude evidence that contract was induced by promises made with intention to deceive.

3. PLEADING—MOTION, IN MORTGAGE FORECLOSURE, TO STRIKE ANSWER ALLEGING MORTGAGEE AGREED TO RENEW MORTGAGE, AND TO FINANCE CERTAIN BUILDING PROGRAM, AND TO RELEASE PART OF PROPERTY IF MORTGAGEE SHOULD DIE, HELD IMPROPERLY GRANTED, EVEN THOUGH DEFENSE WAS IMPERFECTLY STATED SO AS TO BE SUBJECT TO DEMURRER.—In action to foreclose mortgage, answer, alleging that mortgagee agreed on defendant's executing mortgage to renew it if desired, and to finance certain building plan, and in event of

NOTE: Promise made with intention not to perform as fraud, see notes in 10 L. R. A. (N. S.), 646; 24 L. R. A. (N. S.), pp. 736, 737.

mortgagee's death to release certain property in mortgage, *held* not subject to motion to strike as sham and frivolous; valid defense being stated, though imperfectly.

4. Pleading.—Motion to strike out defectively stated defense is not appropriate remedy.

Before Shipp, J., Florence, December, 1924. Reversed and remanded, with directions.

Action by the Palmetto Bank & Trust Company against C. D. Grimsley and others. From an order granting plaintiff's motion to strike out the answer, defendants appeal.

*Messrs. D. Gordon Baker* and *C. J. Gasque,* for appellants, cite: *Mere violation of contract will not support allegation of fraud:* 109 S. E., 106; 87 S. C., 339. *Contract made with intention to breach it fraudulent:* 117 S. E., 305; 117 S. E., 299; 60 N. H., 485; 161 N. C., 650; 77 S. E., 683; 146 N. C., 582; 60 S. E., 507; 135 N. C., 375; 47 S. E., 449; 12 R. C. L., 257. *Contract made with intention to breach it may be rescinded:* 92 Ala., 54; 99 So., 235; 50 S. W., 27; 27 A. L. R., 346. *Fraudulent intent of party making contract question for jury:* 93 N. C., 31.

*Messrs. Wm. H. Smith* and *Woods Dargan,* for respondent, cite: *Parol evidence rule:* 124 S. E., 772; 123 S. C., 534; 117 S. E., 223; 114 S. E., 412; 112 S. E., 921; 112 S. E., 343; 108 S. E., 295; 103 S. E., 531; 82 S. E., 422; 74 S. E., 652; 69 S. E., 93; 48 S. E., 108; 34 S. C., 330; 13 S. E., 525; 3 S. E., 551; 13 S. C., 338; 13 S. C., 328; 1 Hill, 32; 2 Bail., 342. *Essential elements of fraud:* Clark on Contracts, 3rd Ed., 272. *Unenforceable promise not good as consideration:* 80 S. E., 438; 2 McC., 167; Clark on Contracts, 3rd Ed., 166; 6 R. C. L., 644 and 646. *Facts constituting fraud must be alleged:* 100 S. E., 75; 80 S. E., 438; 36 S. E., 437; 54 Fla., 510; 14 Ann. Cas., 365; 85 Ala., 64; 4 So., 720; 115 U. S., 228; 29 L. Ed., 384. *Scienter necessary allegation in plea of fraud:* 89 S. E., 546; 80 S. E., 438; 10 Rich., 311; 2 McC., 167; 3 Strob., 64; 3 Brev., 64; Mill., Const., 328; 44 Col., 179;

16 Ann. Cas., 644. *Mere violation of contract will not support allegation of fraud:* 124 S. C., 8; 117 S. E., 305; 109 S. E., 106; 61 S. C., 190; 39 S. E., 345.

May 20, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This action was commenced at a time not stated in the record for appeal, but evidently between September 27, 1924, and December 12, 1924, for the foreclosure of a mortgage given by the defendant, C. D. Grimsley, to the plaintiff Bank securing the payment of a note dated September 27, 1923, due September 27, 1924, for $15,000.00, with interest from date at 6 per cent., and 10 per cent. attorney's fees. The mortgage covered eight separate pieces of real estate, including, as Tract No. 1, the residence lot of the mortgagor.

The complaint is in the usual form. The answer, prolix, argumentative, and lacking in essential averments, manifestly was intended to set up the defense that the defendant was induced to execute the mortgage by promises of the Bank which, at the time of making them, it never intended to fulfill, based upon the well-recognized principle of law that the making of a promise (which has induced the execution of a contract), by one who had no intention at the time of performing it, constitutes a fraud on account of which the contract may be rescinded.

The promises alleged by the defendant, as the inducement of the contract evidenced by the note and mortgage, which alone need to be considered, are: (1) That the note would be carried by the Bank as renewed paper as long as the defendant desired it to be carried, upon payment of the interest; (2) that the Bank would finance certain building and improvement plans of the defendant by which portions of the mortgaged property would be placed upon the market, the proceeds of sale to be applied to the note and mortgage, so as to enable the defendant gradually to liquidate the debt; (3) that "in the event of the death of the said C. D. Grims-

ley before the mortgage above mentioned has been satisfied by payment, the said Bank will release from the lien of the above-mentioned mortgage the residence lot above mentioned, designated in said mortgage as Lot No. 1."

After the service of the answer, the plaintiff, on December 12, 1924, gave the defendant notice of a motion to be made before his Honor, Judge Shipp, at chambers, at Florence, on December 30, 1924, for an order striking out the answer as sham and irrelevant, and for judgment upon the ground that it was frivolous and not responsive to the pleadings.

The matter came on to be heard by his Honor, Judge Shipp, who filed an order dated January 10, 1924, granting the plaintiff's motion to strike out the answer, and referring the case to the Master of Florence County to take the testimony and to report his conclusions of law and fact. From this order the defendant has appealed upon exceptions which fairly raise the matters hereinafter considered.

The appeal is not to be determined by the application of either the "parol evidence rule," nor by the rule that the details of a charge of fraud must be specifically stated, but by the principle above stated that the making of a promise (which has induced the execution of a contract), by one who had no intention at the time of performing it, constitutes a fraud, on account of which the contract may be rescinded; and by the further principle that, if a valid defense is imperfectly stated, the remedy of the plaintiff is a demurrer, and not a motion to strike out the answer.

The situations of the respective parties lend color to the contention of the defendant in reference to the alleged promises, the truth of which is not now before us in issue, nor the truth of the further essential element that the Bank made them with the intention at the time of refusing to carry them out. The defendant who appears from the mortgage to have been the owner of considerable property, embarked

in the automobile business, managed by others, he being the
responsible member of the organization; a form of commer-
cial enterprise, which in these latter days, compared with
other commercial enterprises, is as the martial prowess of
David compared with that of Saul: "Saul hath slain his
thousands and David his ten thousands." The business had
been wrecked by the dishonest conduct of the manager (as
alleged), with a large debit to the Bank. The Bank natur-
ally was anxious for the debt to appear in better shape. The
defendant appreciated his obligation, but in the deflation
period was unable at the time to respond. Time, the hope
of the financially distressed, was what he desired, and what
he alleges the Bank promised. The note was made payable
in 12 months. The defendant (as he alleges) knew that he
could not meet the note at maturity, and it is fair to assume
that the Bank also knew this fact. In addition to this, the
defendant hoped and expected to subdivide his property,
build houses, sell the lots, and apply the proceeds to the note.
The execution of a mortgage to the Bank would completely
exhaust his resources for raising the necessary funds for
this purpose, and it was on this account that he alleges
that the Bank promised to finance that project which was
to their mutual advantage.

Such contemporaneous agreements may have been
obnoxious to the "parol evidence rule," if unaccom-
panied by any circumstances of deception; but if
those promises were made to induce the execution of the
mortgage, with the concealed purpose to disregard them, the
"Parol Evidence Rule" cuts no figure.

In *Coleman v. Stevens,* 124 S. C., 8; 117 S. E., 305, the
Court adopted the statement by his Honor, Judge Edward
McIver, in his charge to the jury:

"A future promise is not fraudulent, unless such a future
promise was part of a general * * * scheme to induce the
signing of a paper or to make one act, as he otherwise would
not have acted, to his injury."

In 12 R. C. L., 257, it is said:

"So, if through inducements held out by one person, even by means of a promise alone, another is influenced to change his position, so that he cannot be placed in *statu quo,* and will be seriously damaged unless the promise is fulfilled, then the refusal to perform is fraud. There is even authority to the effect that false representation as to future events will constitute fraud, where those events depend upon the acts of the party making the representation and form the inducement whereby the other party is led into the transaction."

"When a promise is made with no intention of performance, and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end, and the victim has a remedy by action or defense." *Goodwin v. Horne,* 60 N. H., 485.

"A promise is usually without the domain of the law, unless it creates a contract, but if made when there is no intention of performance, and for the purpose of inducing action by another, it is fraudulent, and may be made the ground of relief." *Herndon v. Durham & S. Railway Co.,* 161 N. C., 650; 77 S. E., 683.

In *Hill v. Gettys,* 135 N. C., 376; 47 S. E., 449, 450, in ordering the cancellation of a mortgage, the Court says:

"The general rule in regard to promises is that they are without the domain of the law, unless they create a contract, breach of which gives to the injured party simply a right of action for damages, and not a right to treat the other party as guilty of a fraud. But that proceeds upon the ground that to fail to perform a promise is no indication that there was fraud in the transaction. There may, however, have been fraud in it, and this fraud may have consisted in making a promise with intent not to perform it. To profess an intent to do or not to do, when the party intends the contrary, is as clear a case of misrepresentation and of fraud as could be made."

In *Braddy v. Elliott,* 146 N. C., 578; 60 S. E., 507; 16 L. R. A. (N. S.), 1121; 125 Am. St. Rep., 523, it is said:

"If the jury should find, in addition to their findings on

the first and second issues, that the defendant fraudulently induced plaintiffs to agree to the exchange by falsely representing and pretending that he would build two suitable dwellings and necessary outhouses on the tract of land, such finding would be an ample basis for the decree cancelling the entire transaction. * * * The subsequent acts and conduct of a party may be submitted to the jury as some evidence of his original intent and purpose, when they tend to indicate it."

In *Nelson v. Shelby,* 96 Ala., 515; 11 So., 695; 38 Am. St. Rep., 116, it is said:

"The failure to fulfill a mere promise or undertaking—something to be done in the future—alone, will not authorize a rescission of a contract upon the ground of fraud. It is the making of such promise, having no intention, at the time, to perform it, that constitutes fraud for which a contract may be rescinded. * * * Evidence of representations or promises or guaranties of enterprises to be carried out in the future were admissible only for the purpose of showing actual fraud; and to have this effect it must appear that the promisor had no intention to perform at the time they were made."

In *Birmingham Co. v. Land Co.,* 93 Ala., 549; 9 So., 235, it is said:

"The making of a promise, and having no intention at the time of performing it, constitute a fraud for which a contract may be rescinded."

In 26 C. J., 1092, it is said:

"The general rule that failure to perform a promise is not fraud has been recognized in equity, subject to the limitation that, where the promise is a mere device to defraud, it will be ground for equitable relief. * * * This redress may be had * * * for a promise made with the present intent of future breach."

Many authorities present the psychological nicety of holding that the making of a promise which the promisor has a

present intention of breaking in the future is a misrepresentation of his present intention, and, therefore, upon that ground, may be relieved against a plausible, if not sound, analysis.

"There can be no redress, unless it affirmatively appears that at the time of making such promise the promisor acted with the purpose of deception, and misrepresented his then existing intention to perform." 26 C. J., 1095.

In addition to this, the defendant sets up in his answer a contemporaneous written agreement to the effect that, should the defendant die before the mortgage shall have been satisfied by payment, the Bank would release the lien of the mortgage from the residence lot designated in the mortgage as Lot No. 1. This agreement, for what it may be worth, is completely annihilated by the order striking out the answer and converting the proceeding into one by default, the inevitable consequence of which is a sale of the entire mortgaged tracts regardless of the agreement. It appears thus that the defendant has a valid defense to the plaintiff's cause of action if he can bring it before the Court by proper allegations and evidence.

That he has imperfectly stated his defense is apparent. He has failed to allege the vital element in his defense that at the time the alleged promises were made the defendant entertained the then present intention of breaking them and thereby deceived the defendant and induced him to enter into a contract which, but for such promises, he would not have entered into. For this reason the plaintiff might successfully have interposed a demurrer to the answer; upon sustaining it, the Court doubtless would have permitted an amendment curing the defective statement. But a motion to strike out a defectively stated defense, and thereby cut the defendant off from all possibility of getting before the Court a perfect defense, is not the appropriate remedy.

As is said by the Court in *Germofert Co. v. Castles,* 97 S. C., 389; 81 S. E., 665:

ˌ "It cannot be successfully contended that the allegations of the defense which the plaintiffs made a motion to strike out have no connection with, nor effect upon, the plaintiffs' cause of action."

The worst that can be said about them is that they constitute a defective statement of what may be a complete defense; the remedy to correct which is a demurrer and not a motion to strike; they certainly are not irrelevant or redundant. As is said of sham and frivolous pleading, in the case of *Boylston v. Crews,* 2 S. C., 422:

"It is not the purpose of such a motion to enable the plaintiff to take advantage of defects or inadvertences in the form of pleading. To meet the charge of frivolousness [and I may add irrelevancy] the pleading must be of that character in its entire scope and bearing, and not merely through a formal defect that might be cured by amendment."

"Any insufficiency of the allegations of a plea, which manifestly are not irrelevant or frivolous, should be availed of by demurrer and not by motion to strike." *Jefferson County Bank v. Interstate Savings Bank,* 5 Ala. App., 363; 59 So., 348.

In *American Confectionery Co. v. North British & Mercantile Insurance Co.* (D. C.), 199 F., 195, it is held that if the defendant's plea fails to show a substantial cause of defense, the plaintiff's remedy is by demurrer, and not by motion to strike.

In *Sloss Co. v. Webb,* 184 Ala., 452; 63 So., 518, it is held:

"Where a plea could be amended so as to properly state a defense without a departure, plaintiff's remedy was by demurrer to the plea and not by motion to strike."

A merely defective plea, wanting in fullness or otherwise subject to demurrer cannot be tested by a motion to strike from the files. *Hammond v. Vetsburg Co.,* 56 Fla., 369;

.48 So., 419. *Southern Insurance Co. v. Putnal*, 57 Fla., 199; 49 So., 922.

The judgment of this Court is that the order appealed from be reversed, and that the case be remanded to the Circuit Court, with leave to the defendant to apply for such amendment of his answer as he may be advised.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.