## MOORE v. ILLINOIS CENT. R. CO.
### No. 8086.

District Court, S. D. Mississippi, Jackson Division.

Oct. 3, 1938.

732

growing out of an alleged breach of contract. The case originated in the state court of Hinds County, in which court the defendant filed six special pleas. The plaintiff demurred to the first four and sixth and replied to the fifth, to which replication the defendant demurred. The lower court sustained the contentions of the defendant and the case was thereupon appealed by the plaintiff to the supreme court. That court reversed the lower court, holding that the demurrers to the first four pleas and the sixth plea should have been sustained and that the defendant's demurrer to plaintiff's replication should have been overruled. This case is reported in 180 Miss. 276, 176 So. page 593.

The mandate of that court having gone back to the lower court, the plaintiff thereupon amended his declaration and increased his demand for damages to the sum of $12,000. Thereupon the defendant immediately filed a petition to remove to this court, which was sustained and the case transferred here; therefore, this court has jurisdiction.

■ There are two major questions to be determined from the record in this court. The first is the validity of the contract that was entered into between the defendant, Illinois Central Railroad Company, and the Brotherhood of Railroad Trainmen, of which Brotherhood the plaintiff was a member. This contract was a valid contract, although the plaintiff was not a direct party thereto, except as made so for his benefit by the agreement of the Brotherhood of Railroad Trainmen with the defendant company. It will be unnecessary to detail further the facts of the controversy as they are fully set out in the report of the case in the Southern Reporter, supra.

■ The defendant, after the transfer of the case here, obtained leave to withdraw all of its pleadings theretofore filed and then filed a plea in abatement. A demurrer was filed to this plea and was sustained. Thereafter the defendant filed special pleas 1 to 7, inclusive, but did not file a plea of the general issue. These pleas were substantially the same as were filed in the state court. The plaintiff contends that the decision of the state court on these matters is res adjudicata. The defendant contends that the decision of the state court is simply the law of the case

Chalmers Potter, of Jackson, Miss., for plaintiff.

May & Byrd, of Jackson, Miss., for defendant.

MIZE, District Judge.

Earl Moore, a citizen of Mississippi, sued the Illinois Central Railroad Company, a citizen of Illinois, for damages

and that this court has the power to determine for itself the sufficiency of these pleas. It is not necessary to determine whether the effect of the ruling is res adjudicata or the law of the case in view of the holding of the Supreme Court of the United States in the recent case of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. The decision of the Supreme Court of Mississippi was an announcement of the court of last resort in this state of the law pertaining to the contract sued upon, and under the Erie Railroad Company Case is conclusive.

■ This court having announced its intention of sustaining the demurrers of plaintiff to the six special pleas, 1, 2, 3, 4, 6, and 7, and overruling the demurrer of the defendant to plaintiff's replication to the fifth special plea, the plaintiff thereupon objected to the defendant being permitted to plead further and asked for judgment in accordance with Section 548, Mississippi Code of 1930. A construction of that statute, as well as of the federal rules of civil procedure, which went into effect on September 16, 1938, 28 U.S.C.A. following section 723c, is therefore presented.

Section 548 of Code of 1930 is as follows:

"If the plaintiff demur to the plea of the defendant, and the demurrer be sustained, the judgment shall be that the defendant do answer over to the declaration; but he shall be compelled to plead to the merits, and the plaintiff shall not be delayed of his trial. And if the plea then filed be demurred to, and such demurrer be sustained, further leave to plead shall not be granted."

Plaintiff contends that this section is mandatory and this court does not have the discretion to grant further leave to plead. It is doubtful if plaintiff's contention would be sustained under the Mississippi state practice. It has been the policy of the Mississippi courts, as well as the legislature, to permit amendments liberally in furtherance of justice and of the disposition of controversies on the merits. Section 533 provided that many pleas might be pleaded at the same time when appropriate to the action without leave of the court along with the general issue. Section 532 of the Code provided that if the plaintiff took issue on a plea in abatement and it was found in his favor, that he should have judgment respondeat ouster

and that he should not have judgment quod recuperet, and that the defendant should be permitted to plead to the merits. Section 567 of the Code provides that the court shall have full power to allow all amendments to be made in the pleadings or proceedings at any time before the verdict so as to bring the merits of the controversy fairly to trial. These sections have been construed by the court of last resort to permit amendments liberally, and undoubtedly under these sections it would not be an abuse of discretion to permit the defendant to plead further. See, also, Wilkinson v. Cook, 44 Miss. 367. However, this question having arisen since the federal rules of civil procedure became effective, the statutes of Mississippi are not controlling. The federal rules of civil procedure control in this court with reference to pleadings.

■ Among other purposes of the federal rules of procedure recently promulgated by the Supreme Court of the United States in pursuance of an Act of Congress authorizing it to be done, 28 U.S.C.A. §§ 723b, 723c, is to settle controversies on their merits rather than to have them dismissed on technical points. The Hon. Martin T. Manton, senior circuit judge of the Second Circuit, U. S. Circuit Court of Appeals, in a foreword to Moore's Federal Practice on the new federal rules discusses briefly the history and purpose of these rules. This foreword is full of wisdom and should be read by every member of the bar. One of the outstanding reforms contained in the rules is: "Decisions are to be on the merits and not on procedural niceties". Moore's Federal Procedure, page 4. Mississippi practice, as hereinbefore shown, was one of liberal amendments, but even in those states where there is a restrictive state practice these federal rules supersede, and the federal courts are no longer obliged to follow any restrictive practice of procedure of the state,—Moore's Federal Practice, page 800 and the authorities therein cited.

The entire spirit of all the rules as adopted is to the effect that controversies shall be decided upon the merits. The very first rule provides that they shall be construed to secure the just, speedy and inexpensive determination of every action. Rules 7 to 14, inclusive, 28 U.S.C.A. following section 723c, deal particularly with pleadings both of the plaintiff and the defendant, and it is not difficult to reach the

734

conclusion that their purpose is to insure a fair trial upon the merits without unreasonable delay and to place upon counsel representing a party much responsibility. Rule 15, 28 U.S.C.A. following section 723c, deals particularly with the question now before the court and provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served and that thereafter a party may amend his pleadings only by leave of court,—"and leave shall be freely given when justice so requires". Likewise paragraph (b) of the same rule permits amendments whenever necessary to conform to the evidence, and the court shall allow such amendments freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him upon the merits. Paragraph (c) of rule 81, 28 U.S.C.A. following section 723c, provides that these rules shall apply to civil actions removed into the District Courts of the United States and shall govern all procedure after removal. Rule 86, 28 U.S.C.A. following section 723c, provides that all pleadings in actions pending on the effective date shall be governed by these rules, except to the extent that in the opinion of the court their application would not be feasible or would work an injustice. It, therefore, will be seen that the question involved here is governed by these rules, since their application will not work any injustice upon any of the parties.

It will be unnecessary to mention any other rules, as from the foregoing it is clear that amendments to pleadings are liberally allowed. The defendant in this case in filing these pleas raised substantial questions and was acting in good faith and not for the purpose of delay. His manner of raising his questions was proper under the procedure existing at the time the pleas were filed and the defendant should not be penalized. The defendant will be required to plead under the new rules, but will not be required to raise the same points which he has already raised, but is now specifically given the advantage and allowed an exception to every adverse ruling that has been made by the court in this case to his defenses.

The demurrers of the plaintiff to defendant's special pleas 1, 2, 3, 4, 6 and 7 are sustained, and the demurrer of the defendant to the plaintiff's replication to the defendant's fifth special plea is overruled. The defendant is allowed fifteen days in which to answer the declaration of the plaintiff in conformity and as provided by the federal rules of civil procedure. The plaintiff's declaration is substantially in form now as provided by the rules and the plaintiff will not be required to change the form of his declaration. The motion of the plaintiff for judgment declining to permit the defendant to plead further is denied. Orders may be entered accordingly.