### ABRUZZINO v. NATIONAL FIRE INS. CO. OF HARTFORD, CONN.

#### No. 15-C.

District Court, N. D. West Virginia.
March 22, 1939.

Wm. T. George, of Philippi, W. Va., and Karl B. Kyle, of Clarksburg, W. Va., for plaintiff.

James M. Guiher, of Clarksburg, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff sues to recover the sum of $5,000 alleged to be due upon a fire insurance policy, containing the following provision: "Unless otherwise provided by agreement in writing added thereto, this company shall not be liable for loss or damage occurring * * * (b) while the hazard is increased by any means within the control or knowledge of the insured."

In the third paragraph of its answer, defendant avers that at and prior to the time of the fire in question, the fire hazard to the property was increased within the knowledge and control of plaintiff in violation of the above provision and that such increase of hazard caused or contributed to the fire. The plaintiff has made a motion under Rule 12(e) of the new Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, to require defendant to file a more definite statement of this defense by showing (1) in what manner and by what means the fire hazard was increased, and (2) in what manner such increase of fire hazard caused or contributed to the fire.

The plaintiff is entitled to a more definite statement of any matter which is not averred with sufficient particularity to enable her to properly prepare her responsive pleadings or to prepare for trial. The motion is granted.

At the same time plaintiff moved to strike from defendant's answer matters of defense specified in the fifth paragraph because the same fail to state a legal defense to plaintiff's claim. This defense refers to another provision in the policy making it void if the insured has concealed or misrepresented any material fact, or has been guilty of fraud or false swearing relating to such insurance. It is alleged that at the time plaintiff's agent applied for the insurance, he stated that plaintiff had no other insurance upon the building, whereas two other policies were then in existence; that such statement was made to deceive the defendant, and constituted such a violation of the policy as to bar recovery.

Plaintiff says such matters of defense should be stricken under Rule 12(b) as failing to constitute a defense, for the reason that the insurance policy, filed as an exhibit with her complaint, shows that permission for other insurance had been given by endorsement thereon. Under Rule 12(b) the failure to state a claim upon which relief can be granted may be made by preliminary motion, or it may be made at trial.

Upon its face the answer states a proper defense to the complaint. If permission for other insurance has been given, and the warranty waived, evidence to that effect may be shown in due time by plaintiff under proper pleading. Until then we need not concern ourselves about the legal effect of the alleged endorsement. The motion to strike is denied.