## SCHENLEY DISTILLERS CORPORATION v. RENKEN.

District Court, E. D. South Carolina, Charleston Division.

Aug. 26, 1940.

Stoney, Crosland & Pritchard, of Charleston, S. C., and C. T. Graydon, of Columbia, S. C., for plaintiff.

John I. Cosgrove and J. D. E. Meyer, both of Charleston, S. C., for defendant.

WYCHE, District Judge.

The complaint herein states a cause of action for debt. The answer contains a general denial, claims of offset and a counterclaim for damages. The reply of plaintiff, as a second defense, sets forth "that there was no memorandum in writing signed by the party to be charged, to wit, the plaintiff in this action, of any such contract as alleged in the counterclaim herein and that there being no such memorandum, the same is in violation of what is commonly known as the Statute of Frauds and Perjuries and that this plaintiff does plead said Statute in connection with this matter."

The matter is before me on the motion of defendant to dismiss and to strike this defense in the reply upon the following grounds: (a) Because said defense fails to state a legal defense to the claim of the defendant set forth in his counterclaim, (b) because said defense is immaterial, irrelevant and legally insufficient, (c) in that defendant's counterclaim is based on tort for fraud and deceit and not on contract,

so that the Statute of Frauds, controlling solely the execution and performance of contracts, has no application thereto nor can it constitute a legal defense.

To determine the question presented by the motion requires a construction of the pleadings. If the claim of defendant is founded upon a contract or agreement within the inhibition of the Statute of Frauds the defense based upon the Statute is applicable and relevant, otherwise it is not. As I construe the language of the counterclaim, the gist of the cause of action therein stated is one in tort for fraud and deceit, resting, particularly, upon the principle that an action for damages will lie against one who makes a promise or representation having no intention of performance at the time it is made and which is relied upon by another' to his injury. The claim is not based upon the breach of a contract or agreement, but on alleged false promises and representations. Defendant expressly has denominated the counterclaim as an action for tort. In paragraph Sixth thereof, he states: "That this is an action in tort for injury and damage resulting to this defendant by reason of the plaintiff, its agents and servants, having fraudulently, recklessly and/or intentionally made a statement or statements amounting to fraud, on which this defendant relied to his injury and damage."

The gravamen of his complaint is more elaborately set forth in subsequent paragraphs of the counterclaim. In substance, they allege that plaintiff for sometime had been the exclusive distributor for plaintiff's products in certain counties of South Carolina; that during that association and representation defendant was offered a distributorship by a competitor of plaintiff; that plaintiff insisted defendant should refrain from accepting the new account (which it seems would have to have been exclusive) and assured defendant plaintiff would never take its representation from him should he do so; that defendant declined the proffer of the competitor and that shortly thereafter plaintiff cancelled defendant's distributorship. In consequence of this action on the plaintiff's part, defendant claims he was unexpectedly left without representation of a major line of distilled liquors, was put to expense, and was damaged.

It is charged that the statements and representations of plaintiff in the transaction were false, reckless and fraudulent, were made without any intention of performance, but for the purpose and intent of preventing defendant from accepting the proffered distributorship in order to eliminate him as a competitor, and with the deliberate intention of deceiving him. The claim of defendant being plainly in tort, is the Statute of Fraud and Perjuries relevant and can it constitute a defense thereto?

In the discussion of this question I deal only with the applicability of the Statute. The legal sufficiency of the counterclaim is not before me. The rule, recognized by a majority of the States, including South Carolina, is that an action for fraud and deceit "may be predicated on promise made with the present intention not to perform, or as the rule is frequently expressed, upon promises made without intention of performance, and that for such fraudulent promise, relief may be had in equity or law as the circumstances and issues presented demand." 23 Am.Jur. 885.

In South Carolina this principle has been recognized and applied in recent years to a variety of situations, though an early decision (1856) apparently refused its recognition. Davis v. Moore, 9 Rich., S.C., 215. The later cases in South Carolina, however, appear to have superseded it. See, Palmetto Bank & Trust Company v. Grimsley, 1926, 134 S.C. 493, 133 S.E. 437, 51 A.L.R. 42; Bradley v. Metropolitan Life Ins. Co., 1931, 162 S.C. 303, 160 S.E. 721; Branham v. Wilson Motor Co., 1938, 188 S. C. 1, 198 S.E. 417; Cook v. Metropolitan Life Ins. Co., 1938, 186 S.C. 77, 194 S.E. 636; Page v. Pilot Life Ins. Co., 1939, 192 S.C. 59, 5 S.E.2d 454, 125 A.L.R. 872.

In the case of Cook v. Metropolitan Life Ins. Co., supra [186 S.C. 77, 194 S.E. 639], the Court said: "Where one promises to do a certain thing, having at the time no intention of keeping his agreement, it is a fraudulent misrepresentation of a fact, and actionable as such."

In those states which recognize the principle that an action in tort for fraud and deceit may be based upon a false representation or promise made with no intention of performance at the time of its making, it is held that the Statute of Frauds has no application and cannot constitute a defense thereto. The rule is thus stated: "Assuming that fraud may be predicated on an oral promise made with the intention at the time not to perform, the fact that the oral promise is unenforceable under the

statute of frauds does not preclude the showing of the promise in an action for deceit." 23 Am.Jur. 890.

The theory underlying these decisions is that, while the oral agreement may be unenforceable under the statute, the purpose of allowing testimony in its support is not to establish the agreement but to prove the fraud.

The Page case, supra [192 S.C. 59, 5 S.E.2d 456], after reference to the Grimsley case, cited above, illustrates the principle thus: "There is an exhaustive annotation in 51 A.L.R. [46] to this case, which contains citations from the Courts of practically all of the states, and of the Federal Courts. The annotator recognizes the rule that a promissory statement is not ordinarily the subject of either an indictment or an action, and then goes on to show that the rule is almost universally recognized that: '* * * when a promise is made, the promisor by necessary implication, asserts a present and bona fide intention to perform, and if, therefore, the intention to perform does not exist, there is a misrepresentation of a fact upon which fraud may be predicated, *the gist of the fraud in such a case being not the breach of the agreement to perform, but the fraudulent intent of the promisor and the false representation of an existing intention to perform, when such intent did not in fact exist.*' 51 A.L.R., pages 63, 64, 65, 66." (Italics added)

In Parham-Thomas-McSwain v. Atlantic Life Ins. Co., 111 S.C. 37, 96 S.E. 697, 698, on a like issue, the Supreme Court of South Carolina said: "It is just as well established that if the writing was procured by words and with a fraudulent intent * * *, then parol evidence is competent to prove the facts which constitute the fraud. * * * A suggestion by the defendants of the statute of frauds to bar the plaintiff's remedy has no relevancy to the facts."

In the Grimsley case, supra [134 S.C. 493, 133 S.E. 438], the Statute was invoked as a bar to plaintiff's action in tort for fraud and deceit resting in an oral promise or representation made with no intention of its performance at the time it was made, and in that case the Court said: "The appeal is not to be determined by the application of either the 'parol evidence rule,' nor by the rule that the details of a charge of fraud must be specifically stated, but by the principle above stated that the making of a promise (which has induced the execution of a contract), by one who had no intention at the time of performing it, constitutes a fraud, on account of which the contract may be rescinded. * * * Such contemporaneous agreements may have been obnoxious to the 'parol evidence rule,' if unaccompanied by any circumstances of deception; but if those promises were made to induce the execution of the mortgage, with the concealed purpose to disregard them, the 'Parol Evidence Rule' cuts no figure."

In Columbia National Bank of Columbia v. People's Bank et al., 162 S.C. 324, 160 S.E. 728, 729, it was stated: "Appellants rely upon Palmetto Bank & Trust Co. v. Grimsley, 134· S.C. 493, 133 S.E. 437, 51 A.L.R. 42, as authority for the admissibility, despite the parol evidence rule, of the excluded evidence. The principle is recognized and followed in that case that the making of a promise (which induced the execution of a contract) by one who had no intention at the time of performing it constitutes a fraud on account of which the contract may be rescinded; and that the parol evidence rule does not inhibit the proof of such a promise, if it was made fraudulently, and by deception induced the execution of the written instrument."

Burgdorfer v. Thielemann, 153 Or. 354, 55 P.2d 1122, 1125, 104 A.L.R. 1407, perhaps most clearly, thus states the rule: "We think that, in an action for deceit, this provision of the statute does not have the effect of rendering inadmissible testimony of an oral promise made with the fraudulent·intent on the part of the promisor at the time the promise was made not to fulfill or perform the same. One of the reasons leading to this conclusion *is that the purpose of such oral testimony is not to establish an agreement, but to prove fraud.* The gist of the fraud consists in the false representation of the existence of an intention which in truth and in fact has no existence. [Italics added] * * * Defendant cites no case of fraud or deceit in which it is held that a promise to do something incapable of performance within one year, when such promise is made with the intention of not performing it at all, may not be proved by oral testimony. The cases which apply other provisions of the statute of frauds to prevent testimony of oral promises rest upon the absence of fraudulent intent or disavow the rule that the intention on the part of the promisor not

to perform the promise constitutes fraud. Gallager v. Brunel, 6 Cow. (N.Y.) 346; Davis v. Moore, 9 Rich. (S.C.) 215; and Dawe v. Morris, 149 Mass. 188, 21 N.E. 313, 4 L.R.A. 158, 14 Am.St.Rep. 404, are such cases. These cases have been superseded by later cases: Deyo v. Hudson, supra [225 N.Y. 602, 122 N.E. 635]; Palmetto Bank & T. Co. v. Grimsley, 134 S.C. 493, 133 S.E. 437, 51 A.L.R. 42; McCusker v. Geiger, 195 Mass. 46, 80 N.E. 648, and other cases cited in annotation, subject Fraud Futurity, 51 A.L.R. 63, 64, note 14. See supplementary annotations on same subject, 68 A.L.R. 637, and 91 A.L.R. 1297."

Counsel for plaintiff likewise have furnished no authorities to the contrary. They have resisted the motion largely on the contention that it is one to strike the defense as irrelevant under Rule 12 (f), Rules of Civil Procedure for District Courts, 28 U. S.C.A. following section 723c, which they assert is inapplicable. The motion, however, is presented under Rule 12 (b) and (f).

Plaintiff has cited no federal decisions in support of its views, but relies solely on decisions from South Carolina and other states dealing with state practice under code provisions. Such decisions are not in point since the adoption of the new federal rules. In matters of pleading the federal courts are governed no longer by the state practice, but by the Federal Rules of Civil Procedure. Swift & Co. v. Young, 4 Cir., 107 F.2d 170; Moore v. Illinois Cent. R. Co., D.C., 24 F.Supp. 731; Moore, p. 800.

Under the new Rules pleading in the federal courts has been greatly simplified. The only pleadings permitted are a complaint and answer (Rule 7 (a) unless a counterclaim, denominated as such, is filed, in which case a reply is allowed.

By Rule 8 (c) affirmative defenses are required to be pleaded, including, specifically, the statute of frauds.

Demurrers and "exceptions for insufficiency of a pleading" are abolished. (Rule 7 (c).

The mode of presenting defenses is contained in Rule 12. By subdivision (b) of this Rule "every defense, in law or fact, *to a claim for relief in any pleading* * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion * * * (6) failure to state a claim upon which relief can be granted." (Italics added); while under subdivision (h), all defenses and objections are waived if not presented by motion or pleading, except, inter alia, "the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits."

Under Subdivision (d) of this Rule, the defenses referred to in (1)–(6) of subdivision (b) "shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial."

By Rule 42 (b), "the court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim * * *or of any separate issue."* (Italics added)

Section (f), Rule 12, permits a motion to strike. The motion is required to be made before responding to a pleading, or if no responsive pleading is permitted, within twenty days after service of the pleading, or upon the court's own initiative. The grounds of this motion refer to matters which are "redundant, immaterial, impertinent, or scandalous." It is applicable to any pleading.

The instant motion is based upon Rule 12 (b) (6) that the defense objected to in the Reply "fails to state a legal defense" and upon Rule 12 (f) because said defense is "immaterial, irrelevant and legally insufficient." I shall consider them in their order.

Since the new Rules prohibit any pleading, beyond the reply, when allowable, (Rule 8 (d), may a motion under Rule 12 (b) (6) be used to test the legal sufficiency of a defense contained in the reply?

No case has been called to my attention directly deciding this question and I have found none in the course of my investigation of the applicable authorities.

At one time, there existed some doubt as to the applicability of this provision of the Rules to defenses contained in the answer, in view of the language of section (b) referring only to "a claim, counterclaim, cross-claim, or third-party claim."

This doubt and indecision appears in Dysart v. Remington Rand Inc., D.C., 31 F.Supp. 296, 297. Here, the motion was made for judgment on the pleadings under

Rule 12 (c). The court, however, held that neither that section of Rule 12 nor Section (f) thereof, permitting a motion to strike, was appropriate to test the legal sufficiency of defenses in an answer.

"Nevertheless," said the Court, "I hold that the plaintiff is entitled to test the legal sufficiency of these defenses. Under Rule 12 (b) (6) a defendant may attack the complaint for 'failure to state a claim upon which relief can be granted.' Consistency requires that a plaintiff may similarly have opportunity to object to a special defense for its failure to state matter which in law constitutes a defense. Clearly a plaintiff, as well as a defendant, may avail himself of motions for more definite statements and motions to strike. No reason occurs why a plaintiff, like a defendant, may not attack the opposing pleading on the score of its legal insufficiency. In Rule 12 (b) the next to the last sentence reads: 'No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.' The language suggests that when the defendant attacks the complaint for its legal insufficiency, his attack is by way of 'defense'; that when a plaintiff attacks a special defense for its legal insufficiency, his attack is by way of 'objection'. This is further borne out by Rule 12 (h) where 'the defense of failure to state a claim upon which relief can be granted' is treated similarly with 'the objection of failure to state a legal defense to a claim'.

"Of course, under the old equity practice it was permissible to attack the legal sufficiency of an answer by motion, Equity Rule 33, 28 U.S.C.A. following section 723, and the court in its discretion might enter a ruling upon such motions in advance of trial. This theory is continued under Federal Rule 12', says Moore, page 637. And as Moore observes, page 662, 'The defense that no cause of action or the objection that no legal defense has been stated may be made as late as the trial.' The observation clearly is warranted by the text of Rule 12 (h) and clearly implies that the objection may be made at an earlier stage."

In other cases, also, the provisions of Rule 12 (b) (6) have been recognized as appropriate to test the legal sufficiency of defenses in the answer. Winkler et al. v. New York Evening Journal, Inc., et al., D. C., 32 F.Supp. 810; Abruzzino v. National Fire Ins. Co., D.C.W.Va., 26 F.Supp. 934;

in the Replication, Moore v. Illinois Cent. R. Co., D.C., 24 F.Supp. 731; and a counterclaim, American Agricultural Chemical Co. v. Barnes, D.C.S.C , 28 F.Supp. 73; Chambers v. Cameron, D.C., 29 F.Supp. 742.

"Manifestly", said the Court in the Winkler case, supra [32 F.Supp. 811], "that [subdivision (b) (6)] is intended to indicate the proper practice for presenting a defense in law (demurrer) *and obviously it affords to a party wishing to challenge the last prior pleading for legal insufficiency, the opportunity to do so, in a motion addressed to that issue*." (Italics added)

Moreover, if viewed as an issue arising from its denial under Rule 7 (a) prohibiting further pleadings, such issue may be tried separately by the Court "in furtherance of convenience or to avoid prejudice." Rule 42 (b).

Moore (p. 3051) states that this Rule, (42 (b), is applicable to such defenses as the statute of limitations or the statute of frauds, "which might be tried advantageously before the balance of the case."

In the instant case, the defendant in respect to the motion to test the legal sufficiency of the affirmative defense contained in the reply to his counterclaim stands in a position analogous to that of a plaintiff. Logic and consistency would seem to require that he be accorded in respect thereto the same rights as are accorded a plaintiff, under the cases cited, in respect to defenses contained in the answer.

The courts do not appear to be in agreement as to the availability of Rule 12 (f) to test the legal sufficiency of a claim or defense.

Simkins makes the statement, however, without qualification, that: "If a party seeking affirmative relief is of the opinion that the answer, or some defense asserted therein, fails to state a legal defense to the claim asserted he may move to strike the answer or defense on that ground." Simkins, Federal Practice, 1938 Ed., p. 277.

In support of this text, the author cites Rules 12 (b) and (f) and former Equity Rule 33, 28 U.S.C.A. following section 723. No decisions, however, subsequent to the adoption of the Federal Rules of Civil Procedure appear in his footnote to this section.

In Teiger v. Stephan Oderwald, Inc., et al., D.C., 31 F.Supp. 626, 627, plaintiff moved under Rule 12 (f) to strike certain affirmative defenses of the answer on the

grounds "that said defenses are not sufficient as a matter of law and are immaterial and redundant." The motion was granted, no question apparently being raised as to the propriety of the procedure.

Similarly, a motion to strike on the ground of legal insufficiency was employed in Mendola v. Carborundum Company, D. C., 26 F.Supp. 359, 360. The complaint contained paragraphs claiming certain statutes therein pleaded were unconstitutional. The motion was addressed to these paragraphs. Said the Court: "The defendant moves to strike the declarations in paragraph Eighteenth relating to the unconstitutionality of such acts. This motion must be granted. Rule 12 (f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The allegations are redundant and immaterial."

Rule 12 (f) is a continuation of Equity Rule 21, save that it adds the word "immaterial" to those contained in the former Equity Rule. The Rule permits striking from a pleading "any redundant, immaterial, impertinent or scandalous matter." Simkins, supra, decides, inter alia, the following (p. 282): "Matter may be considered redundant if it is verbose, repetitious, superfluous, or foreign to the issue. Matter is immaterial if it is non-essential, without weight, inconsequential, or collateral, and not determinative. Matter is impertinent if it is irrelevant and does not pertain to the controversy or proceeding before the court."

"Impertinence," says Moore, p. 658, "consists of any allegation not responsive nor relevant to the issues involved in the action, and which could not be put in issue or be given in evidence between the parties. To determine whether matter is impertinent one must first determine the scope of the issues in controversy, *and then under 12 (f) determine whether the matter injected in the pleadings is relevant or material thereto."* (Italics added)

The Supreme Court has defined "impertinent" as "all matter not material to the suit." Harrison v. Perea, 168 U.S. 311, 18 S.Ct. 129, 132, 42 L.Ed. 478.

Accordingly, it would appear that if a special defense states matter which in law constitutes no defense, having reference to the issues in controversy, it is irrelevant, immaterial and not responsive to the issues of the controversy and should be stricken on proper motion.

I take it that it is discretionary with the court as to the time when motions of this character may be heard and determined. Rule 12 (d) and Rule 42 (b).

I hold that the motion is permissible under Rule 12 (b) as well as under Rule 12 (f). If I am in error as to this construction of the Rules, then the provisions of Rule 42 (b) are applicable and authorize a determination at this time of the issue presented.

In the light of the authorities above cited, the claim of defendant resting solely in tort for alleged fraud and deceit, and not upon contract, it is my opinion that the second defense of the reply to the counterclaim in this action is legally insufficient, irrelevant and immaterial to the issues in controversy, and does not and cannot constitute a defense to the cause of action or claim stated in the counterclaim.

Counsel may submit an order in conformity herewith.