## POTEET v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES.—A message addressed to P., "Come at once. Your baby is dead," signed S., does not give notice to the company that the wife of P. has any beneficial interest in the message. That the carrier's agent after sending this message had a conversation with S. when sending another message to P., from which he learned that the wife of P. had an interest in the message, does not give it such notice at time of transmitting first message.

2. IBID.—TORT—MENTAL ANGUISH.—A telegraph company is not liable in tort to every one suffering by failure to deliver a message, but only to those for whom or in whose behalf or interest it has undertaken to transmit it.

3. IBID.—MENTAL ANGUISH.—That a telegram was promptly carried to home of addressee on Sunday, who was away; that messenger left no notice, went out of city after returning message to office; that addressee was notified of attempt to deliver by his neighbors and immediately sought the messenger, and upon going to home of superintendent, he went with him to office and delivered the message after office hours; that no notice was given to sender of failure to deliver, there being no evidence that sender could have communicated with addressee in time in any other ways; do not show that suffering caused to wife by not having her husband with her in strange city at time of preparation of body of their dead infant for carriage home was caused by wanton and wilful failure of carrier to deliver message.

Before GARY, J., Richland, July, 1905.    Affirmed.

Action by Lottie Poteet and R. W. Poteet against Western Union Telegraph Co.   Plaintiffs appeal from order of nonsuit.

*Messrs. Porter A. McMaster* and *D. W. Robinson*, for appellants, cite: *Duty of telegraph company:* art. IX., sec. 3, Con.; 72 S. C., 234; Sedg. on Dam., 878; Bish. on Non-Con. L., sec. 74, 4; 107 N. C., 372; 28 Ency., 2 ed., 253, 255; 1 Add. on Tort., 27; 12 L. R. A., 113; Hale on Dam., sec. 264; 7 L. R. A., 583; 35 S. C., 502; 70 S. C., 83; 69 S. C., 12; 2 Thomp. on Neg., sec. 2487. *Right of beneficiary:* 6 L. R. A., 846; 62 S. C., 232; 45 L. R. A., 162; Sedg. on Dam., 878; Hale on Dam., 266; 109 N. C., 533; 43 S. E., 843; 72 S. C., 230; 71 S. C., 390, 33. *Burden of explanation:* 70 S. C., 82; 69 S. C., 550; 126 N. C., 309; 47 S. E., 491; 25 Ency., 1 ed., 813. *Proof of beneficial interest:* 71 S. C., 32; 123 N. C., 126; 135 N. C., 56, 465; 132 N. C., 324; 47 S. C., 747. *Evidence tends to show wilfulness:* 70 S. C., 423; 69 S. C., 545; 70 S. C., 87; 35 S. E., 543; 47 S. E., 491; 126 N. C., 311; 72 S. C., 354.

*Messrs. Geo. H. Ferrons* and *Nelson & Nelson*, contra. The latter cite: *Mrs. P. is stranger to message:* 72 S. C., 290; 53 S. W., 961; 50 S. E., 585; 22 S. W., 961; 13 S. W., 70; 54 S. W., 830; 154 S. W., 853; 12 S. W., 954; 70 S. C., 422; Joyce on Elec. L., secs. 800-7; 45 N. Y., 744; Thom. Elec. L., sec. 313; 7 So., 715; 22 S. W., 534; 28 S. W., 699; 26 S. W., 216; 54 N. E., 774; 54 S. W., 830, 853; 53 S. W., 686; 22 S. W., 96; 13 S. W., 70; 12 S. W., 954. *Telegraph companies are common carriers:* Con., art. IX., sec. 3; 61 S. C., 97; 69 S. C., 437; 23 Fed., 539; 38 U. S., 889. *But their liabilities are not the same as carriers of goods and passengers:* Joyce on Elec. L., secs. 14, 16; 72 S. C., 290; 70 S. C., 418. *There was no evidence tending to show wilfulness:* 69 S. C., 545; 70 S. C., 418; 65 S. C., 93.

July 9, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This is an appeal from an order of nonsuit in an action to recover damages for mental anguish

of the plaintiff Lottie Poteet, caused by the alleged tort of the defendant in "wilfully, wantonly, recklessly and negligently" failing to deliver a telegram. The complaint thus sets forth the telegram and Mrs. Poteet's connection with it: "That on July 17th, 1904, Lottie Poteet, then sojourning in the city of Union, S. C., lost her infant child, and in the first agony of her grief, and desirous of the presence of her husband, the above mentioned R. W. Poteet, father of said infant, she, the said Lottie Poteet, procured a friend to authorize the defendant company at its office in Union, S. C., to send a message to her husband, the said R. W. Poteet, a copy of which is as follows:

"Union, S. C., July 17.

"Mr. R. W. Poteet, 1910 Assembly St., Columbia, S. C. Come on first train. Your baby is dead. W. R. Sox."

The mental anguish for which damages are demanded is thus stated: "The plaintiff Lottie Poteet was deprived of the assistance and comfort of her husband, and she was in that time of great mental anguish and worry, in a city of strangers, and had to leave the tender duties of the shipment of the body of her dead infant to stranger's hands." The plaintiff R. W. Poteet joins in the action merely as the husband of Lottie Poteet and claims nothing in his own right.

The Circuit Judge ordered the nonsuit on the ground that the message failed to disclose on its face that Mrs. Poteet had any interest in it, and there was no extraneous proof of notice to the company of such interest. We do not think this conclusion has been successfully assailed. Mrs. Poteet was a visitor at the home of Sox, who sent the telegram at her instance, but its wording gave no intimation to the defendant of this fact, or that she was in Union with her dead child anxious for her husband to come to her in her distress; nor is there any evidence outside the telegram to charge the defendant with notice of plaintiff's interest. For this purpose reliance is placed by the plaintiff on the testimony of Sox as to statements made to him by the

defendant's agent at Union. The telegram upon which the action is brought and which was intended to announce to Poteet the death of his baby and bring him to Union was delivered to defendant at the Union office between 8:45 and 9:45 o'clock on Sunday morning. For reasons which will be referred to hereafter it did not reach Poteet in time for him to take the train for Union that day. When Poteet failed to come in response to the death message, Sox, in the afternoon, sent another telegram in these words: "Make arrangements to meet Lottie to-night." Sox intended this message for Poteet, but wrote the name Boleet or Bohit, and the defendant's agent when he received this second message from Sox called his attention to the name and inquired, "Is this the same person that has been telegraphing up here about this child?" referring as we understand to telegrams sent by Poteet to his wife. When the witness answered in the affirmative, the agent then said, "You've got his name wrong," and the name of the addressee was changed to Poteet. If all this had occurred when the telegram upon which Mrs. Poteet sues was delivered in the morning to the defendant, there would be some ground for the inference that the defendant's agent then knew that Mrs. Poteet was the wife of R. W. Poteet, the addressee, and the mother of the dead infant, and hence interested in the prompt delivery of the telegram which would probably alleviate her distress by bringing her husband to her. But while there was a similar mistake in the name of the addressee in the first telegram, there is no evidence whatever that the agent when he received that message for transmission connected in his mind the name of the addressee with Mrs. Poteet, or knew that it was intended for her husband or related to her child. The fact that the agent in receiving the second telegram suspected a mistake and made inquiry, furnishes no ground to charge the company with notice of Mrs. Poteet's connection with the first telegram when that telegram came into the company's hands, there being no evidence whatever that the agent even suspected that the name was incorrectly written

in the first telegram and that the name of Mrs. Poteet's husband was intended. On this point, therefore, we agree with the Circuit Judge that there was no evidence to charge the defendant with notice of Mrs. Poteet's interest in the telegram.

But the plaintiff's counsel insist by their fourth exception, even if there was nothing to indicate to the defendant Mrs. Poteet's interest, yet it was error to grant the nonsuit, "because this was an action of tort, not arising *ex con-tractu;* the defendant was and is a public common carrier, and owes a duty to every one who is interested in its public services, and is responsible in tort for any injury or wrong which it may inflict upon any one under the mental anguish statute, whether such be as a contractual relation with it or not."

The general distinction between contract and tort in this respect is thus well stated by Mr. Justice Jones, in *Hughes v. Tel. Co.,* 72 S. C., 516, 527 : "In actions for damages for breach of contract, it is usual to say that compensatory damages may be recovered for such consequences as are within the contemplation of the parties to the contract at the time of contracting, but in an action in tort it is usual and proper to say that compensatory damages may be recovered for such consequences as naturally and proximately result from the negligence of performing a duty imposed by law." In cases of this character the suit is usually for the tort committed in breach of the public duty owed to the plaintiff, but the duty springs out of the contract and depends on it, for manifestly the defendant owes no public duty concerning a particular telegram except to those for whom or in whose behalf or interest it has undertaken to transmit it. All others are of the outside public, and damages which they incidentally suffer cannot by any stretch be regarded the natural and proximate result of failure to transmit a particular telegraphic message. The contract fixes the relation, and he who sues for tort based on contract must show privity with the party to be charged by connecting himself with the

contract as a party or a known beneficiary. *Hellams* v. *Tel. C.,* 70 S. C., 83, 49 S. E., 12; *Jones* v. *Tel. Co.,* 70 S. C., 540, 50 S. E., 198; *Rogers* v. *Tel. Co.,* 72 S. C., 290; *Hughes* v. *Tel. Co., supra.* In further support of this view, it may be remarked that as to the subject matter of a telegram it is too well established for discussion, before there can be a recovery the telegraph company must have notice that the particular result alleged as the basis of the claim was to be apprehended from delay in transmission. *Arial* v. *Tel. Co.,* 70 S. C., 418, 50 S. E., 6; *Hays* v. *Tel. Co.,* 70 S. C., 16, 48 S. E., 608; *Smith* v. *Tel. Co.,* 72 S. C., 116. The same principle makes it necessary to recovery that there should be notice to the company of the beneficial interest of the particular person who claims compensation for suffering.

The provision of the Constitution that telegraph companies shall be common carriers does not affect the principle now under discussion, and cannot avail the plaintiff. Common carriers of freight, it is true, as a general rule, are liable to the real owner, though such owner may not be party or privy to the contract of carriage; but from the nature of the business, telegraph companies as common carriers of messages stand on a different footing from common carriers of goods. The damage in one case is for the loss of a tangible article of property having definite market value, in the other it is for failure to transmit the expression of an idea, intangible and presumably without value except as related to particular persons. Ordinarily the loss of freight can bring damage only to the owner; failure to deliver a telegram may bring anguish to scores of persons of whom the telegraph company has never heard. Before delivery to the company a message has no value, and the company in accepting it undertakes for a consideration to make it of value by transmitting it; but its undertaking and obligation to give it value by transmission are only to those for whose benefit it has knowingly undertaken the service, and its legal duty is limited to such persons. As we have seen, the company

had no notice of Mrs. Poteet's interest in this telegram and assumed no duty to her, and is, therefore, not liable to her.

But even if the defendant company had owed any duty to the plaintiff, there is no evidence that the suffering alleged was caused by its wilful, wanton or negligent failure to discharge the duty. Defendant relied on this additional ground in the motion for nonsuit, and asks that it be considered by this Court. The telegram was promptly received at the Columbia office and sent to R. W. Poteet at the place of address, 1910 Assembly street, but, Poteet not being at home, it was not delivered. He remained out from about 9 o'clock A. M. until about 12 o'clock M. The messenger left no notice of the telegram, but as soon as Poteet came home the neighbors told him of it, and he went out to find the boy who had it, but was told by another messenger the boy had gone into the country. He then went to the residence of the superintendent of defendant's Columbia office, and he immediately accompanied him to the office and gave him the message, it being then a few minutes too late for him to take the afternoon train to Union. Assuming it was a breach of duty for the messenger not to leave notice of the telegram at the door of the addressee, this had nothing whatever to do with the delay in delivery, for the addressee received notice otherwise as soon as he reached home, and acted upon it with as much dispatch as he could have done if the messenger had given it. There is no evidence that the messenger carried the telegram with him into the country; on the contrary, it appears he took it back to the office, for it was from the office that defendant's superintendent delivered it. The day was Sunday, and it is not claimed that the defendant's office should have been open for the delivery of messages when Poteet went out to find it, or that he went there in search of the message until he went in company with the superintendent.

The plaintiff, however, insists that the defendant is liable for negligence in failing to notify Sox, the sender, of the non-delivery of the telegram. Even if we go so far as to

32—74

assume that the messenger should have returned the message to the office or that he did so return it before business was stopped for Sunday, and that the defendant owed a duty to give the notice which it neglected, this negligence could not support the action, for the suffering of which the plaintiff complains arose from her husband's failure to receive notice in time to come to her in her distress on Sunday, and there is nothing in the evidence to suggest that notice of the non-delivery of the message would have enabled her or any one in her behalf to give him notice of her trouble in time for him to come by the use of other means of communication. On the contrary, it seems clear that even if notice of non-delivery had been promptly given, and another telegram sent to Poteet, on reaching Columbia it would have been in the same condition as the first, for Poteet did not get home so that he could receive it there until after the Sunday closing of the Columbia office.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.