### 9505

### JONES v. ATLANTIC COAST LINE R. CO.

(94 S. E. 490.)

1. APPEAL AND ERROR—DAMAGES—INSTRUCTIONS—HARMLESS ERROR.—In action for damages by threatened assault of defendant's servant upon plaintiff, direction of verdict on actual damages for defendant and instruction that nominal damages were presumed from the invasion of plaintiff's rights were not inconsistent, and, if error, were favorable to defendant.

2. MASTER AND SERVANT—TORTS OF SERVANT—LIABILITY.—The master is civilly liable for the wilful tort of his servant done within the scope of his employment, notwithstanding he may not have directed or ratified the servant's conduct.

3. DAMAGES — PRESUMPTIONS. — Where defendant's servant threatened plaintiff with assault, though there were no actual damages, the law presumed nominal damages from the invasion of plaintiff's rights.

Before PRINCE, J., Marion, Spring term, 1915. Affirmed.

Action by J. Oliver Jones against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Henry E. Davis* and *Mullins & Hughes,* for appellant.

*Messrs. Harrelson & Harrelson* and *A. F. Woods,* for respondent.

September 12, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment against defendant for $500 damages on the following facts: Plaintiff had a package of freight at defendant's depot, and went there to get it. The station agent told him to go to Jeff Hunter, a negro porter in the freight depot, who would deliver it to him. On going into the depot, where Hunter was, plaintiff presented the freight bill to him and asked him for the package. Hunter was seated on a box writing a postal card to his wife, and, when asked for the package, replied "All right, in a minute," and went on writing. Plaintiff waited some time—long enough, he thought, for Hunter to finish his writing—and called him again, and told him that he was in a hurry and wanted his package. Hunter again replied, "All right, in a minute." After waiting a minute or so, plaintiff said to him: "Look here, get up and get my package. Are you not paid to wait on people that come here?" Hunter jumped up and started toward plaintiff, cursing him and applying to him epithets too vile and opprobrious to repeat, and threatening to kick him out of the depot. Plaintiff, being an old man and having nothing with which to defend himself against the threatened assault, hurried out of the depot and did not go back, but sent a drayman in to get his package. He said that the incident completely unnerved him, and rendered him unfit to attend to his business the rest of the day; that it deeply wounded his feelings and caused him great humiliation.

The defendant moved for a directed verdict as to actual damages on the grounds: (1) That the action therefor was based upon the mere use of opprobrious words, which are not actionable, in the absence of proof of physical injury, (2) that, as there was no proof of physical injury, damages

for humiliation and mental distress are not recoverable. And, as to the claim for damages based upon a wilful tort, defendant asked for a directed verdict on the ground that there was no proof of any intentional invasion of plaintiff's rights by defendant. The Court granted the motion as to actual damages, but refused it as to punitive damages, and charged the jury that:

"Punitive damages cannot be allowed where there has been no actual damages, but may be allowed where the actual damages are merely nominal; and the law implies some actual damages from every conscious or wilful or reckless invasion of another's rights; so that implied nominal damages would be sufficient to base a verdict for punitive damages, if otherwise a proper case has been made out by the testimony."

The defendant assigns error in refusing its motion for a directed verdict as to punitive damages, and in the instruction above quoted. Only for the purpose of sustaining the judgment, the plaintiff excepted to the direction of the verdict for defendant for actual damages.

It is not necessary to consider plaintiff's exceptions and decide whether, upon the case made, plaintiff was not entitled to recover actual as well as punitive damages, because the Court instructed the jury that nominal damages are presumed from an invasion of another's rights, and that such presumed damages would be sufficient to sustain a verdict for punitive damages; and the verdict for plaintiff shows that the jury followed that instruction. And although the direction of the verdict for defendant on the issue of actual damages and the instruction quoted may appear to have been inconsistent, the jury were not thereby misled to defendant's injury. If there was any error, it was favorable to defendant. So we pass to defendant's exceptions.

There was no error in refusing to direct the verdict for defendant for punitive damages. Defendant's contention is that it should not be held liable for the wilful tort of its serv-

ant, in the absence of proof that it knew or had reason to know that he would so act, and retained him in its service after such knowledge, especially when it appeared, as it did, that defendant promptly repudiated his conduct, discharged him from its employment, and prosecuted him in the mayor's Court for his misconduct, where he was fined for it. No doubt the jury considered all these matters in mitigation of damages, and properly so. But the rule is well settled in this State that the master is civilly liable for the wilful tort of his servant done within the scope of his employment, notwithstanding he may not have directed or ratified the servant's conduct. *Tabor v. Ry.*, 81 S. C. 317, 62 S. E. 311, and cases cited.

Nor was there error in the instruction complained of. The principle announced therein is sustained by decisions of this Court; and the rule is that, if plaintiff is entitled to recover only nominal damages, a nonsuit cannot be granted, nor can a verdict for defendant be directed. *Norwell v. Thompson*, 20 S. C. L. (2 Hill) 470; *Hendrix v. Trapp*, 31 S. C. L. (2 Rich.) 93. In 13 Cyc. 13, the rule is thus stated: "Where the evidence shows a violation or infringement of a legal right, the law will presume damages sufficient to sustain an action, even though such damages may be only nominal, and not capable of exact measurement."

To the same effect, see Cooley on Torts, 62-68; Sedwick on Damages, sec. 97, *et seq.;* 8 R. C. L. 423.

Plaintiff was where he had a right to be in the pursuit of a lawful purpose, and when he was driven away by defendant's servant, under threat and fear of personal injury, without reasonable cause, his legal right was invaded, and, under the principle above stated, he was entitled to recover some damages to protect and vindicate his right.

This case is distinguished from *Robinson v. Tel. Co.*, 101 S. C. 20, 85 S. E. 436, in which the same instruction was held to have been erroneously given. But that action was under the statute (Civ. Code, vol. I, sec. 3330), which makes

telegraph companies liable in damages for mental anguish or suffering resulting from negligence in handling messages "if such anguish or suffering resulted as a matter of fact." The statute further provides that in actions under it "the jury may award such damages as they conclude *resulted* from negligence, wantonness, wilfulness or recklessness of said telegraph companies," and, further, "that, when a telegram shows on its face that it relates to sickness or death, the real party for whose benefit the telegram was sent, and who *suffered* mental anguish by reason of the negligence, or wilfulness of the telegraph company, may recover damages," etc. The words of the statute italicized in the above quotation from it show clearly the legislative intention that recovery of damages should be limited to cases where mental suffering resulted as a matter of fact from the delict of the telegraph company. There was, therefore, in that case no room for presumption, and the principle was not applicable to the facts of the case, because it appeared from the undisputed evidence that Robinson received information of his daughter's illness from another source in time to go to her bedside, and, therefore, that he did not suffer mental anguish as a result of the delict of the company. This and perhaps every other general rule has some exceptions, or is subject to some limitations in its application.

Judgment affirmed.