1075

UNITED STATES LEASING CORPORATION, Respondent v. JANICARE, INC., Appellant.

(364 S. E. (2d) 202)

Court of Appeals

*G. Trenholm Walker,* of *Wise & Cole, P.A.,* Charleston, *for appellant.*

*Jeffrey M. Butler,* Walterboro, *for respondent.*

Submitted Dec. 9, 1987.

Decided Jan. 11, 1988.

GOOLSBY, Judge:

United States Leasing Corporation ("USLC") brought this action against Janicare, Inc., for breach of a written equipment lease agreement. The trial court granted USLC's motion for summary judgment and awarded it damages, attorney fees, and costs. Janicare appeals. The basic question on appeal concerns whether the trial court properly granted summary judgment in USLC's favor. We affirm.

USLC's complaint alleges that the parties entered into a lease agreement by which Janicare agreed to lease from USLC two forklifts for 39 months at a monthly rental of $871.27 and that the defendant failed to pay all the monthly payments due under the lease.

Janicare's verified answer admits that it entered into the lease agreement but denies that it owes USLC any amount thereunder.

In a second defense, Janicare alleges that USLC represented to Janicare that "the buy-out of the lease was . . . to be four monthly payments of [$837.76] or [$3,351.04]," that "at the time of purchase [Janicare] was to receive an investment tax credit," and that USLC "never sent the documentation necessary to provide [Janicare] with this."

Janicare alleges in its third defense, which is a counterclaim, that USLC's district sales manager "represented to [Janicare] that [Janicare] would receive an investment tax credit should [it] sign the lease agreement," that Janicare signed the lease agreement in reliance on this representation, that the representation constituted a "fraudulent act[ ]," that USLC "well knew . . . the representation was false" and "would be relied upon by [Janicare]," that Janicare "had reason to rely on the representation," that USLC failed "to provide [Janicare] with an investment tax credit," and that it was damaged "as . . . a direct and approximate [sic] result of . . . USLC's failure . . . to provide [Janicare] with [the] investment tax credit. . . ." The counterclaim further alleges that the fraudulent representation regarding

the investment tax credit "accompan[ied] the breach" of the lease agreement as did a fraudulent representation by Janicare "that the buy-out was four monthly payments of [$837.76]," an amount less than the buy-out price alleged in USLC's complaint and arrived at by USLC only after Janicare "complained about not receiving its investment tax credit."

. After engaging in limited discovery, USLC moved for summary judgment on the ground that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law.

Following argument by the parties on the issues raised by the pleadings, the trial court granted USLC summary judgment. It awarded USLC $10,796 in damages, $1,619.40 in attorney fees, and costs, while allowing Janicare the option of returning the equipment and thereby receiving a reduction in the judgment in the amount of $3,397.95. Janicare conceded that USLC was entitled to summary judgment on Janicare's second defense.

Janicare, relying on certain parol or extrinsic evidence that the trial court refused to consider, contends that genuine issues of material fact exist regarding whether USLC made a representation to and breached an agreement with Janicare concerning the assignment to Janicare by USLC of an investment tax credit and regarding whether USLC made a representation to Janicare concerning the buy-out price for the leased equipment.

Summary judgment should be granted when it is clear that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Huckaby v. Confederate Motor Speedway, Inc.*, 276 S. C. 629, 281 S. E. (2d) 223. (1981).

No provision in the lease agreement refers to an investment tax credit being given by USLC to Janicare. It also does not contain a buy-out provision. An integration clause in the lease agreement declares that "[t]his instrument constitutes the entire agreement between [USLC] and [Janicare], and it shall not be amended, altered or changed except by a written agreement signed by the parties hereto." The record contains no evidence of a subsequent written agreement signed by both parties.

An answer that Janicare gave to one of USLC's interrogatories, however, states that "[b]efore, during, and after the signing of the lease agreement," an agent of USLC "assured [Janicare] that upon purchase a tax credit would be given ... and furthermore assured [Janicare] that the buy-out provision would be four ... months of payments." Another answer states that the same agent "assured" Janicare that the "tax credit and buy-out provision[s]" were "part of the agreement." Janicare's verified pleading asserts that USLC refused to provide it with an investment tax credit and raised the buy-out price for the leased equipment.

Janicare contended before the trial court that parol evidence regarding USLC's alleged promise to assign Janicare an investment tax credit was admissible because of USLC's alleged fraud and that parol evidence of the terms of the parties' alleged agreement to assign Janicare the investment tax credit was admissible because of the lease agreement's alleged ambiguity arising out of its failure to "speak to the investment tax credit at all." Janicare based its contention concerning the admissibility of parol evidence regarding USLC's alleged representation to accept a particular sum as a buy-out price solely upon USLC's alleged fraud.

Janicare agreed that it never attempted to pay any buy-out price to USLC and that USLC was therefore entitled to summary judgment on Janicare's defense that USLC breached the parties' alleged agreement concerning a buy-out price; thus, it did not argue that parol evidence of the terms of an alleged agreement by USLC to accept a particular sum from Janicare as a buy-out price was admissible for any reason.

The trial court refused to consider extrinsic evidence of the alleged representations made by USLC regarding the investment tax credit and buy-out price and of the alleged oral agreement regarding the investment tax credit.

We hold that the trial court correctly held, based on the record before it and the arguments made, that extrinsic evidence of the alleged representations and of the alleged oral agreement was inadmissible.

In so holding, we recognize that the parol evidence rule does not preclude the admission of parol or extrinsic evidence to prove fraud in the inducement of a

written contract. *Palmetto Bank & Trust Co. v. Grimsley*, 134 S. C. 493, 133 S. E. 437 (1926). Although Janicare appeared initially to base its argument for the admission of parol evidence on this ground, Janicare seemed to agree with the trial court that its pleading did not "allege fraud at the inception of the contract" and appeared to seek the admission of parol evidence on the ground that "there was a breach of contract with fraudulent elements present...." We are unaware, however, of any such exception to the parol evidence rule.

The fraud exception to the parol evidence rule refers to "fraud either in the execution or in the inducement of a contract." 37 Am. Jur. (2d) *Fraud and Deceit* § 542 at 622 (1968); *see Bradley v. Hullander*, 272 S. C. 6, 249 S. E. (2d) 486 (1978), *appeal after remand*, 277 S. C. 327, 287 S. E. (2d) 140 (1982) (holding that parol evidence is generally admissible to show fraud in the inducement of a writing). "Obviously, where parol evidence relates to matter of a fraudulent character, but which is not ground for avoiding the contract, it is inadmissible for that purpose." 37 Am. Jur. (2d) *Fraud and Deceit* § 542 at 622 (1968).

In any case, and assuming we misinterpreted Janicare's position before the trial court regarding the type of fraudulent conduct on which Janicare sought to base the admission of parol evidence, none of Janicare's supporting materials sets forth any facts that show USLC fraudulently induced Janicare to enter into the written contract. The assurances concerning the investment tax credit and the buy-out price that Janicare claims USLC made to it before the lease agreement was signed were, at most, merely statements promissory in nature at the time they were made and related to future actions or conduct. *See Emerson v. Powell*, 283 S. C. 293, 296, 321 S. E. (2d) 629, 631 (Ct. App. 1984) ("As a general rule ..., the fraudulent representation must relate to a present or preexisting fact and it cannot ordinarily be based on unfulfilled promises or statements as to future events."). Furthermore, nothing in Janicare's supporting materials sets forth any evidentiary facts showing USLC made the promises concerning the investment tax credit and the buy-out price with no intention of keeping them. *Palmetto Bank & Trust Co. v. Grimsley, supra* (holding that the

making of a promise by one who had no intention at the time of performing it constitutes fraud).

We also recognize that, where a contract is silent as to a particular matter and because of the nature and character of the transaction an ambiguity arises, parol evidence may be admitted in order to supply a deficiency in the language of the contract and to establish the true intent and meaning of the parties. *Soulios v. Mills Novelty Co.*, 198 S. C. 355, 17 S. E. (2d) 869 (1941); 32A C. J. S. *Evidence* § 1008 at 592 (1964). The parol evidence, however, cannot be inconsistent with and contradictory of the writing. *City of Greenville v. Washington American League Baseball Club*, 205 S. C. 495, 32 S. E. (2d) 777 (1945); 30 Am. Jur. (2d) *Evidence* § 1043 at 178 (1967). Also, if the writing on its face appears to express the whole agreement, parol evidence cannot be admitted to add another term thereto. *Blackwell v. Faucett*, 117 S. C. 60, 108 S. E. 295 (1921). "This has been held to be so even though the writing is silent as to the particular term sought to be established by the parol evidence. . . ." 32A C. J. S. *Evidence* § 1013(2) at 605-07 (1964); *Blackwell v. Faucett, supra.* The parol evidence rule is particularly applicable where the writing in question has an integration clause. 30 Am. Jur. (2d) *Evidence* § 1043 at 180 (1967); 32A C. J. S. *Evidence* § 1013(2) at 608-09 (1964); *see Wilson v. Landstrom*, 281 S. C. 260, 315 S. E. (2d) 130 (Ct. App. 1984) (wherein the court noted that a merger clause expresses the parties' intention that the writing be treated as a complete integration of their agreement and that a completely integrated agreement cannot be varied or contradicted by parol evidence of either a prior or a contemporaneous agreement omitted from the writing).

Here, as we mentioned, the lease agreement has an integration clause. Aside from the integration clause, the lease agreement, contains language that, on inspection, imports a complete legal obligation; therefore, parol or extrinsic evidence, whatever its form, is not admissible to add to the lease agreement a term providing for the assignment by USLC to Janicare of an investment tax credit. *See Moss v. Porter Brothers, Inc.*, 292 S. C. 444, 357 S. E. (2d) 25 (Ct. App. 1987) (holding that parol or extrinsic evidence of a usage or

custom is not admissible where the contract expresses the intent of the parties in clear and unambiguous language).

Janicare makes other arguments regarding the admissibility of the excluded parol evidence; however, we need not address these arguments because Janicare did not raise them below. *See Austin v. Conway Hospital, Inc.*, 292 S. C. 334, 356 S. E. (2d) 153 (Ct. App. 1987) (a question not presented to the trial court is not properly before the Court of Appeals). For like reasons we also need not address Janicare's complaint addressed to USLC's failure to list in its motion for summary judgment the specific grounds on which it based its motion. *See Turbeville v. Floyd*, 288 S. C. 171, 341 S. E. (2d) 651 (Ct. App. 1986) (a trial court may grant summary judgment on a ground not included in the motion if the ground is fully argued without objection).

We have considered Janicare's remaining arguments: that the trial court did not consider the allegations of the counterclaim; that a genuine issue of material fact exists regarding whether Janicare attempted to return the equipment at the end of the lease term; that the trial court improperly awarded "holdover" rent under the lease for a two-month period beyond the lease term; that a genuine issue of material fact exists regarding the reversionary value assigned by the trial court to the leased equipment; that the trial court's judgment lacked certainty; and that the trial court incorrectly computed the attorney fees. We hold that these arguments have no merit and do not warrant further consideration. *Cf. Sweat v. Crawford*, 292 S. C. 324, 356 S. E. (2d) 147 (Ct. App. 1987) (unmeritorious argument regarding trial court's determination of damages does not warrant further consideration).

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.