Bertha WHITTLE, Appellant v. SOUTHERN BELL TELEPHONE AND
TELEGRAPH COMPANY and Donald Gene Clamp, of whom Southern
Bell Telephone and Telegraph Company is, Respondent.

(410 S.E. (2d) 575)

Court of Appeals

*John K. Koon* and *H. Asby Fulmer, III*, both of *John K.
Koon, P.A.*, Columbia, *for appellant.*

*Costa M. Pleicones, Mary G. Lewis* and *A. Camden Lewis*,
all of *Lewis, Babcock & Hawkins;* and *Fred A. Walters*, of
*Southern Bell*, Columbia, *for respondent.*

Heard Oct. 7, 1991; Filed Oct. 28, 1991.

Rehearing Denied Oct. 28, 1991.

GOOLSBY, Judge:

Bertha Whittle sued Southern Bell Telephone and Telegraph Company and Donald Gene Clamp for sexual battery and trespass. Whittle's amended complaint alleges Clamp, a Southern Bell employee, "physically abused and forcibly raped [her]" after he entered her home to "check [her] jacks and telephones." The trial court granted Southern Bell's motion for summary judgment following Whittle's concession that Clamp did not act within the scope of his employment with Southern Bell. Whittle appeals. She contends Southern Bell, a common carrier of information, is liable for Clamp's alleged acts without regard to whether Clamp acted within the scope of his employment. We disagree and affirm.

A common carrier of passengers is liable for an assault committed by one of its employees on a passenger, irrespective of whether the employee acted within the scope of his employment. 14 Am. Jur. (2d) *Carriers* § 1061, at 483-84 (1964); 13 C.J.S. *Carriers* § 514, at 465-66 (1990). This is because a common carrier of passengers has a broad duty to protect its passengers. 14 Am. Jur. (2d) *supra*, at 483; *see Singletary v. Atlantic Coast Line R. Co.*, 217 S.C. 212, 60 S.E. (2d) 305 (1950) (a common carrier of passengers owes passengers the highest degree of care).

On the other hand, the liability of a common carrier of information for an assault by one of its employees on a customer or other third party is dependent on the question of whether the employee acted within the scope of his employment. *See Southern Bell Telephone & Telegraph Company v. Sharara*, 167 Ga. App. 665, 307 S.E. (2d) 129 (1983) (assault case in which the court held a telephone company, absent statutory authority, could not be held to same standard of care in connection with the determination of liability for acts of its employees as is imposed by legislation on a common carrier for wrongful acts committed by its employees against its passengers); 74 Am. Jur. (2d) *Telecommunications* § 39, at 342 (1974) ("Telegraph and telephone companies are, like other employers, responsible for an injury to a third person occasioned by the tort of an employee done in the course of his employment. . . ."); 86 C.J.S. *Telegraphs, Telephones, Radio, and Television* § 285, at 295 (1954) ("A telegraph or telephone company is not liable for an act . . . of an agent or employee which is entirely outside the scope of his agency or

employment."); *cf. Reaves v. Western Union Telegraph Co.*, 110 S.C. 233, 239, 96 S.E. 295, 297 (1918) (a telegraph company as a common carrier is not subject to all the duties and liabilities imposed by law upon common carriers but is subject to them only to the extent that reasonable analogy makes them applicable); *Poteet v. Western Union Telegraph Co.*, 74 S.C. 491, 496, 55 S.E. 113, 114 (1906) ("[T]elegraph companies as common carriers of messages stand on a different footing from common carriers of goods."). Unlike a common carrier of passengers, a common carrier of information, such as a telegraph or a telephone company, does not provide services that, by their very nature, guarantee the safety of its customers or other third parties.

A case decided ninety-one years ago, *Rankin v. Sievern & K.R. Co.*, 58 S.C. 532, 36 S.E. 997 (1900), supports our holding that the liability for an assault on a customer or other third party by an employee of a common carrier not engaged in carrying passengers depends on whether the employee acted within the scope of his employment.

In *Rankin*, the Supreme Court affirmed the dismissal of a complaint brought by a plaintiff against two railroad companies. The plaintiff had sued the railroads because one of their joint employees, a man named Rutledge, cursed the plaintiff while on her hand laying track and putting up telegraph poles. Although the trial court acknowledged the railroads were common carriers, it dismissed the complaint partly because the language and conduct complained of were outside Rutledge's scope of employment. In the trial court's opinion, which the Supreme Court approved and officially reported with its own, the following language appears:

> If Rutledge had been the agent of a common carrier of passengers, and plaintiff had been a passenger under the contractual relations of carrier and passenger to safely carry her, etc., and, while being transported as a passenger, Rutledge, as the agent of defendants, had addressed her as stated in the complaint herein, his curses, threats, etc., would have created a cause of action against the railroad company.

58 S.C. at 539-40, 36 S.E. at 1000; *see also Matheson v. American Telephone & Telegraph Co.*, 137 S.C. 227, 135 S.E. 306

(1926) (a jury question existed regarding whether a telephone company agent alleged to have trespassed on the plaintiff's premises acted within scope of authority); *Buchanan v. Western Union Telegraph Co.*, 115 S.C. 433, 106 S.E. 159 (1920) (a telegraph company held liable for an act of its messenger because the injury was inflicted while the business for which the messenger was sent was being transacted); *Jones v. Atlantic Coast Line R. Co.*, 108 S.C. 217, 94 S.E. 490 (1917) (a master is civilly liable for the willful tort of his servant done within the scope of his employment).

The trial court properly granted summary judgment to Southern Bell. *See United States Leasing Corporation v. Janicare, Inc.*, 294 S.C. 312, 315, 364 S.E. (2d) 202, 204 (Ct. App. 1988) ("Summary judgment should be granted when it is clear that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.").

Affirmed.

GARDNER, J., concurs.

SANDERS, C.J., concurs in a separate opinion.

SANDERS, Chief Judge (concurring):

Ms. Whittle limits her theory of recovery to the argument that Southern Bell is liable for the act of its employee because it is a common carrier. She does not claim that the employee was acting within the scope of his employment. Nor does she seek to recover on any other basis. Rather, she would have us apply the rule applicable to common carriers of passengers even though Southern Bell is not a common carrier of passengers. Our Supreme Court has refused to recognize the rule except for common carriers of passengers. "We are, of course, bound by the decisions of our Supreme Court." *Carroll v. Jackson Nat'l Life Ins. Co.*, — S.C. —, —, 405 S.E. (2d) 425, 428 (Ct. App. 1991) (Sanders, C.J., concurring). Thus, the result we reach is preordained by the way in which the case has been presented.