2068

SOUTH CAROLINA NATIONAL BANK, Respondent v. SOUTHERN POLYMERS, INC., David N. Fischer and Sharon R. Fischer, Catawba Regional Development Corporation, Home Federal Savings and Loan Association of South Carolina, Catawba Regional Development Corporation, and Small Business Administration, Defendants, of whom David N. Fischer and Sharon R. Fischer and Southern Polymers, Inc., are, Appellants. Appeal of David N. FISCHER and Sharon R. Fischer and Southern Polymers, Inc.

(437 S.E. (2d) 148)

Court of Appeals

---

*Benjamin C. Wofford*, Columbia, *for appellants.*

*James W. Sheedy* of *Spencer & Spencer*, Rock Hill, *for respondent.*

Heard June 14, 1993.

Decided Aug. 25, 1993.

BELL, Judge:

This is an action on a secured promissory note. The lender, South Carolina National Bank, commenced this action against the borrower, Southern Polymers, Inc., David N. and Sharon R. Fischer, who personally guaranteed the borrower's obligation, and certain other interested parties. The Bank sought judgment for money it alleged was due on the note and related loan documents and guarantees and also sought to realize its security interest in various real and personal property used to collateralize the loan and the guarantees. Southern Polymers and the Fischers counterclaimed for breach of contract and breach of contract accompanied by a fraudulent act. The circuit court granted the Bank's motion for partial summary judgment as to the counterclaims. Southern Polymers and the Fischers appeal. We affirm.

The dispositive question on appeal is whether the Bank had reasonable grounds to exercise its rights under an acceleration clause in the loan documents. Southern Polymers and the Fischers contend the Bank breached the loan agreement by calling the loan without reasonable justification. Since the appeal is from the granting of summary judgment, there must be no genuine issue of fact on this question in order for the judgment to be affirmed. *See United States Leasing Corp. v. Janicare, Inc.*, 294 S.C. 312, 364 S.E. (2d) 202 (Ct. App. 1988). The following material facts are not in dispute.

Southern Polymers is in the business of manufacturing plastics. On November 30, 1989, Southern Polymers executed a note and security agreement pursuant to which the Bank rolled over a $200,000 line of credit it had earlier extended to Southern Polymers. Security for the note included a lien against accounts receivable, inventory, stock in trade, raw materials, goods in process, and finished goods of Southern Polymers. The note was also personally guaranteed by the Fischers and secured by a mortgage on their residence.

The note provided that the principal would be due and payable in full on June 1, 1990. Interest was payable monthly, beginning January 1, 1990. The security agreement provided that upon an event of default, the Bank could declare the note immediately due and payable in full. An event of default would occur "[i]f the Bank deems itself insecure or the prospect of payment or performance is impaired for any reason whatsoever. . . ."

On March 21, 1990, the Bank, deeming itself insecure, declared the note in default and demanded payment in full by March 23, 1990. When Southern Polymers failed to make payment or otherwise cure the default, the Bank commenced this action.

It is undisputed that Southern Polymers was in serious financial trouble by March 1990. On December 1, 1989, the company's certified public accountant concluded there was substantial doubt about the company's ability to continue as a going concern. He described the company as "book insolvent" with inadequate sales volume, insufficient working capital, and debts exceeding assets. David Fischer, the manager of

the enterprise, also admitted that the financial condition of Southern Polymers in the spring of 1990 "wasn't very good." He conceded that the business was not generating a positive cash flow at that time and that it was unable to purchase raw materials to continue manufacturing its products. There was serious question about the company's ability to collect its accounts receivable. On March 1, 1990, the company failed to make its monthly interest payment on the note, causing the Bank to declare the note in default. Although the Bank subsequently waived the default when it received the March interest payment late, it shortly thereafter decided to call the note when it discovered that Southern Polymers' accounts receivable appeared insufficient to secure repayment of the interest and principal.

In order to exercise its rights under the acceleration clause of the loan agreement, the Bank needed only to have a good faith belief that its prospect for repayment was impaired. S.C. Code Ann. § 36-1-208 (1977); *United States v. Grayson*, 879 F. (2d) 620 (9th Cir. 1989). Unless the evidence was susceptible of the inference that the Bank was without reasonable grounds for insecurity or that it did not make an honest judgment with respect to the facts known to it, the motion for summary judgment was properly granted.

On the record presented to the circuit court, the only inference to be drawn was that, as of March 21, 1990, the Bank had a reasonable, good faith belief that Southern Polymers would be unable to meet its obligation on the note. Thus, the Bank did not breach its contract by calling the note on that date. For this reason, the circuit court properly granted summary judgment on the counterclaims for breach of contract and breach of contract accompanied by a fraudulent act.

Affirmed.

HOWELL, C.J., and LITTLEJOHN, Acting J., concur.