**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stephanie Michelle Gardner, Appellant,

v.

Berkeley County Sheriff's Office and Town of Moncks Corner, Respondents.

Appellate Case No. 2021-001173

———————

Appeal From Berkeley County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-078
Heard December 7, 2023 – Filed March 13, 2024

———————

**AFFIRMED**

———————

Louis David Nettles, of Florence, for Appellant.

Robin Lilley Jackson, of Senn Legal, LLC, of Charleston, for Respondent Berkeley County Sheriff's Office.

Drew Hamilton Butler and James Edward Haarsgaard, of Richardson Plowden & Robinson, PA, of Mount Pleasant, and Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, PA, of Columbia, all for Respondent Town of Moncks Corner.

**PER CURIAM:** Stephanie Michelle Gardner appeals the circuit court's grant of summary judgment to the Berkeley County Sheriff's Office (the Sheriff's Office) and the Town of Moncks Corner (the Town) on her complaint she filed as a result of her arrest on criminal charges that were later dismissed. She argues the circuit court erred in dismissing her causes of action for false arrest and malicious prosecution because it erroneously determined the South Carolina Tort Claims Act (the TCA)[1] provided immunity. She also contends the circuit court erred in dismissing her defamation cause of action because the court incorrectly determined the Sheriff's Office had privilege. She additionally maintains the circuit court erred in finding probable cause supported Gardner's arrest and prosecution; determining Gardner was not falsely arrested although the warrant was issued after her arrest; relying on an agreement between the Sheriff's Office and the Town to determine the Sheriff's Office was not the party which arrested and prosecuted Gardner; and ruling there was no genuine issue of material fact as to malice for her malicious prosecution cause of action. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in granting summary judgment for her false arrest and malicious prosecution causes of action based on the court's finding the TCA provided immunity: *McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 343, 479 S.E.2d 67, 75 (Ct. App. 1996) ("As a general rule, an issue may not be raised for the first time on appeal."); *Kagan v. Simchon*, 429 S.C. 516, 526 n.10, 839 S.E.2d 106, 111 n.10 (Ct. App. 2020) (providing that when an appellant neither presented certain "arguments in his opposition memorandum to [the respondent's] motion for summary judgment nor at the motion's hearing before the circuit court," the appellant had "failed to safeguard these arguments for appellate review"); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))); *Abba Equip., Inc. v. Thomason*, 335 S.C. 477, 486, 517 S.E.2d 235, 240 (Ct. App. 1999) ("The same ground argued on appeal must have been argued to the trial [court]."); *U.S. Leasing Corp. v. Janicare, Inc.*, 294 S.C. 312, 319, 364 S.E.2d 202, 206 (Ct. App. 1988) (finding this court need not address arguments the appellant had not raised to the

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2023).

trial court); *Chastain v. Hiltabidle*, 381 S.C. 508, 515 n.3, 673 S.E.2d 826, 830 n.3 (Ct. App. 2009) (finding that when the appellants had not raised an argument to the trial court in their memorandum in opposition to summary judgment or in their Rule 59(e), SCRCP, motion, this court would not address that argument on appeal); *Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, 414 S.C. 635, 652 n.12, 780 S.E.2d 263, 272 n.12 (Ct. App. 2015) (finding the appellants' argument was unpreserved because the appellants did not make the argument in their memorandum in opposition to summary judgment or at the summary judgment hearing); *Dunes W. Golf Club, LLC v. Town of Mount Pleasant*, 401 S.C. 280, 302 n.11, 737 S.E.2d 601, 612-13 n.11 (2013) (providing that an appellant may not raise one argument to the trial court and an alternate argument on appeal); *Kagan*, 429 S.C. at 522 n.7, 839 S.E.2d at 109 n.7 (finding an appellant's argument unpreserved for appellate review when his reasoning for why a statute did not bar his claims was different at the circuit court than at this court).

2.  As to whether the circuit court erred in granting summary judgment on her defamation cause of action based on the court's ruling the Sheriff's Office was privileged to publish her arrest: *Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006) ("[A] plaintiff [alleging a cause of action for defamation] must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."); *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become [the] law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010), *abrogated on other grounds by Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018))); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("No point will be considered [that] is not set forth in the statement of issues on appeal." (citing Rule 208(b)(1)(B), SCACR)); *Dreher v. S.C. Dep't of Health & Envtl. Control*, 412 S.C. 244, 249-50, 772 S.E.2d 505, 508 (2015) ("'An unappealed ruling is the law of the case and requires affirmance.' Thus, should the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case." (quoting *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013))); *Summersell v. S.C. Dep't of Pub. Safety*, 337 S.C. 19, 22, 522 S.E.2d 144, 145-46 (1999) ("[W]he[n] an issue presented to the circuit court in a civil case is not explicitly ruled upon in the final order, the issue must be raised by an

appropriate post-trial motion to be preserved for appellate review."); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding that when the trial court had not explicitly ruled on an issue at trial and the appellant had failed to move to alter or amend the judgment on that ground, the issue was not properly before the appellate court and the appellate court should not have addressed the issue).

3. As to the remaining issues on appeal: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address the remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**